JOHN TRANSIER, Respondent, *vs.* ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, Appellant.

54 189
33a 113

54 189
43a 503

54 189
58a 95

54 189
63a 545

54 189
65a 8
67a 184

1. *Practice, civil—Appeal from a justice of the peace—Amendments in the Circuit Court—Constable's return.*—In an appeal case from a justice the Circuit Court can allow the constable's return to be amended; for the Circuit Court can do whatever the justice can.

2. *Practice, civil—Evidence—Corporate existence—Appeal bond.*—The appeal bond given by the appellant, in which appellant was a party by its corporate name signed by its president and secretary, is admissible in evidence to prove its corporate existence.

3. *Practice, civil—Appeal from justices—Entry of appearance—Right of continuance.*—In a cause appealed from a justice, but not on the day of judgment, if the appellee fail to enter his appearance on or before the second day of the term, the cause is not triable at the first term, unless by consent of both parties. [Nay vs. Han. & St. Joe. R. R., 51 Mo., 575.]

*Appeal from Warren Circuit Court.*

*John M. Woodson,* for Appellant.

I. The court erred in allowing the constable's return to be amended, because it had no authority under the law to amend the return, nor to direct a constable, not an officer of the court, to come into that court to alter or amend a record which has been thus certified into it. In all the cases which have been before this court, such amendment has been allowed in the court into which the return was made, and only in the appellate court after verdict rendered. (Muldrow vs. Bates, 5 Mo., 214; Webster vs. Blount, 39 Mo., 500; W. S., 1036-1037, §§ 17, 19, 20.) The language of the different sections warrants the construction, that they are only applicable to amendments in courts of record, etc. (W. S., 807, § 16.)

II. The motion for a continuance should have been granted. (W. S., 850, §§ 21, 22; McCabe vs. Lecompte, 15 Mo., 78; Rowley vs. Hinds, 50 Mo., 403.)

III. It was error to allow the appeal bond to be read for the purpose of proving the corporate existence of appellant. Because such bond is not evidence thereof; and if it is, it is not the best evidence. (W. S., 288, § 4; 299, § 4; 1 Greenl. Ev., 110 and n.)

*E. A. Lewis,* for Respondent.

I. There was no error in the court permitting the constable to amend his return conformably to the facts of the service. (W. S., 1034–1035, §§ 3, 6; 1035, §§ 17, 19, 20; Webster vs. Blount, 39 Mo., 500; Corby vs. Burns, 36 Mo., 194; Blaisdell vs. Steamb. Wm. Pope, 19 Mo., 157.

II. Defendant by summoning its witness, and causing the names of its attorneys to be entered on the docket, had given notice to the plaintiff of its intention to try the cause. It was a waiver of plaintiff's formal entry of appearance. (Hammerstein vs. Haase, 47 Mo., 498.)

III. The defendant by appearing to the action was thereby estopped from afterwards denying that it had a legal entity or capacity of being sued, or of appearing in court. But if such proof had been required, the appeal bond was competent as an admission on the record, by the party, of the fact in issue.

NAPTON, Judge, delivered the opinion of the court.

This suit was commenced before a justice of the peace, and was for damages for killing plaintiff's horse. There was a judgment by default rendered by the justice, and that judgment, the defendant moved to set aside, because there was no sufficient service of the writ. The return of the constable, was: "I hereby certify, that I have executed the within writ by reading the same, and delivering a copy of the same to Buckley Levesay, the depot agent at Warrenton, Mo., the 29th July, 1872, in Elkhorn Township, Warren county, Missouri," signed, J. K. Speed, constable.

This motion was overruled by the justice, and the case appealed to the Circuit Court; but the appeal was not taken on the day the judgment was rendered.

When the case was taken up in the Circuit Court, the defendant renewed its motion to dismiss for want of jurisdiction in the justice, and the plaintiff thereupon had leave to amend the constable's return, and insert the words " of the St. Louis, K. C., & N. R. R. Co.," after the words " depot agent," and the motion to dismiss was overruled.

The defendant then moved for a continuance, because the

plaintiff had failed to enter his appearance on the docket before the second day of the term, and this motion was also overruled.

The case was tried, and a verdict and judgment rendered for the value of the horse.

On the trial, the court allowed the plaintiff, in order to establish his allegation that defendant was a corporation, to read the appeal bond as *prima facie* evidence of that fact, in which bond the said defendant was a party by its corporate name, signed by its president and secretary.

We see no objections to the amendment of the return on the writ, allowed in the Circuit Court. That court had the power to do whatever the justice might do. We doubt if any amendment was necessary in this case, since the return implied that the depot agent, on whom it was served, was the agent of defendant. However that may be, the amendment in conformity to the fact was no error. There was no error in allowing the bond of the defendant to be used in evidence to prove its corporate existence.

Under the decision of this court, however, in Nay vs. Han. & St. Jo. R. R. Co., 51 Mo., 505, the appellant had a right to a continuance, as the appellee had failed to enter his appearance on or before the second day of the term. It was held in that case, that, unless by consent of both parties, the case could not be tried at the first term.

The judgment must therefore be reversed and the cause remanded. The other judges concur.