J. W. LADD AND S. G. REED, RESPONDENTS, *v.* HARVEY HIGLEY, APPELLANT.

EXECUTION ON DORMANT JUDGMENT—PROCEEDING TO OBTAIN.—A proceeding under § 292 of the Code to obtain leave to issue an execution on a dormant judgment, is in the nature of a separate proceeding. The judgment-roll in such a proceeding is prepared and filed in the same manner as a judgment.

BILL OF EXCEPTIONS—EVIDENCE MUST BE INCORPORATED IN.—Upon a trial of an issue of fact in such a proceeding, the Court will not look into the evidence upon which the fact was found in the court below, unless the same is incorporated in a statement or bill of exceptions, and exception properly taken to its admissibility when offered in the court below.

RECITALS IN A JUDGMENT.—Where there is a recital in the judgment of due service upon a defendant, nothing short of a clear contradiction in the judgment-roll will affect the recital.

APPEAL from Yamhill County.

On the 6th day of May, 1862, the respondents obtained a judgment by default, in the Circuit Court of the State of Oregon for Yamhill County, against the appellant, Harvey Higley, for the sum of $577.66 and costs of suit to be taxed. At the April term, 1874, of said court, said respondents filed in said court, under § 292 of the Code, a motion for the allowance of an order for leave to issue an execution on said judgment; the appellant filed an answer to the motion; proper steps were taken to bring the matter to issue; a jury trial was waived, and, by consent of the parties, the case

was tried by the court, and judgment rendered in favor of the respondents, granting them leave to issue an execution on said judgment; from which decision appellant appeals and brings the case into this Court.

*T. B. Handley*, for Appellant.

*Wm. Strong and F. R. Strong*, for Respondents.

By the Court, BURNETT, J.:

The principal point relied on by appellant's counsel to reverse the judgment of the court below is, that the judgment of 1862 is void, for the reasons:

1. That there was no summons or notice issued in that action, such as the law required.

2. That the proof of the service of the notice, in that case, was not sufficient to give the court jurisdiction of the person of Higley; and

3. That the complaint in said cause did not state facts sufficient to constitute a cause of action.

The first question presented is, whether the judgment-roll, in the cause in which judgment was rendered in 1862, is before this Court for inspection or not.

It appears that the court below found the facts upon which the judgment appealed from is based, upon testimony that was admitted without objection; which findings are to the effect that the respondents did, on the 6th day of May, 1862, obtain a judgment in that court in their favor and against the appellant for the sum of $597.26; that said judgment was duly entered; that said sum of $597.26, and interest thereon at ten per cent. per annum from that date, is now due and unpaid, and that no execution upon said judgment has ever been issued. As the appellant claims that the judgment, upon which the above facts are found, is void, he should have objected to its admission in evidence, and excepted to the ruling of the court in admitting it, and, by his bill of exceptions, brought the question properly before this Court.

There is no bill of exceptions nor statement, and we are

to presume that the evidence was competent and properly
admitted. It is, however, claimed by counsel for the ap-
pellant that the judgment-roll in the cause of 1862 is a part
of the roll of this proceeding in 1874, and was properly
made a part of the transcript. But this view is not sus-
tained by the provisions of the code, in relation to proceed-
ings of this kind. These provisions, after providing for the
filing of the motion, service of summons and making up the
issue and trial, which is very similar in all respects to an
action, then provide that "the order shall specify the
amount for which the execution is to issue, or the particular
property, possession of which is to be delivered; it shall be
entered in the journal and docketed as a judgment, and a
roll thereafter prepared and filed, or a final record made of
the proceedings, as the case may be, in the same manner as
a judgment." (Civil Code, § 292.)

The case of *Hunsaker* v. *Coffin* (2 Or. 107), is cited by
counsel for appellant, and relied on to sustain his position.
It does not appear in that case how the trial was had in the
court below, and no question was raised as to the right of
the appellate court to look into the judgment-roll in the
original cause; but admitting that the judgment-roll of the
judgment of May 6, 1862, is properly before this Court for
examination, that judgment could only be declared void if,
upon an inspection of the whole record, it appears either
that the court had not jurisdiction of the person of the de-
fendant therein, or that the complaint did not state facts
sufficient to constitute a cause of action.

Upon the first point, the objection that the notice was not
sufficient is not well taken. The notice is in substantial
compliance with the laws of 1859, which were then in force,
and is sufficient. The proof of service is the certificate of
the sheriff of Yamhill County, to the effect that the com-
plaint and notice were served on the defendant personally
in Yamhill County, Oregon, on the 14th day of March, 1862,
by delivering to him copies of the same.

It is claimed by appellant's counsel that this proof of
service is insufficient in this, that it does not appear that
the sheriff made the service. The presumption is that of-

ficial duty has been *regularly* performed (Code, § 766); and when there is a certificate in due form signed by an officer showing service, as there is in this case, it is the duty of the Court to presume that the officer did his whole duty, and made the service, rather than that some other person made the service, and that the officer violated the law in certifying to it. Again, there is a recital in the judgment entry in the judgment of 1862, to the effect that Higley had been duly served in Yamhill County, Oregon, with the complaint and notice in that case, more than ten days before the term of court at which the judgment was rendered, and nothing short of a clear contradiction in the roll will affect this recital.

As to the third objection, we think the complaint in the action in 1862 is good, as upon an account stated, and though it might be more specific, and no doubt would have been made so upon a proper motion, it would be going too far to hold that it is a nullity, and would not support a judgment by default.

It is further objected that the judgment appealed from in this case contains the words "renewed and revived," but these words do not give the order for leave to issue an execution any greater effect than the statute gives it. It is to the statute the parties must look to find what effect such an order has upon the dormant judgment.

Judgment affirmed.