(February 10, 1899.)

## OLLIS v. ORR, ADMINISTRATOR.

[56 Pac. 162.]

PLEADINGS—JUDGMENT.—A complaint which attacks a judgment is void solely upon the ground that the affidavit on which order for publication of summons was made "was insufficient" does not state facts sufficient to constitute a cause of action to have such judgment adjudged void, and such complaint, when unaided by affirmative allegation in the answer will not support a judgment for the plaintiff.

SAME.—On appeal, a judgment in favor of the defendant will not be disturbed where the complaint fails to state a cause of action.

PUBLICATION OF SUMMONS.—Allegations that a "judgment is void," and that an affidavit for publication of summons is "insufficient," are statements not of fact, but of legal conclusions.

PRESUMPTIONS AS TO REGULARITY.—Every presumption and intendment of law is in favor of the regularity of a judgment of a court of general jurisdiction, and to overcome such presumption, in a suit brought to have such judgment declared void, facts must be alleged and proven showing wherein the court failed to obtain jurisdiction to render the judgment which is so attacked.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

W. T. Reeves and Chalmers & Ryan, for Appellants.

The record is defective in the following particulars, many of which are substantial and fatal, viz.: The summons does not specify with any degree of certainty what action would be taken if the defendant defaulted. (Rev. Stats., sec. 4140, sub. 4; *Dyas v. Keaton,* 3 Mont. 498; *Ward v. Ward,* 59 Cal. 139; *Atchison etc. R. Co. v. Nicholls,* 8 Colo. 189, 6 Pac. 512.) The affidavit for publication of summons fails to state that any complaint had been filed or any summons thereon issued, or the purpose of the suit, if any, or what effort had been made or diligence used to obtain personal service, or where defendant then resided, or what return, if any, was made on the summons, or that any cause of action existed, or what it was, or that the defendant was a necessary or proper party, or the facts showing that personal service could not be made. (Rev. Stats., sec. 4145; 3 Estee's Pleadings, 4th ed., secs. 3935, 3936, and cases cited; *Forbes v. Hyde,* 31 Cal. 342.) The record does not show the entry of default, by the clerk or otherwise than by way of recital in the judgment, and if entered at all it may have been premature. (Rev. Stats., sec. 4456; *Palmer v. McMaster,* 8 Mont. 186, 19 Pac. 585.) The default when taken is an essential part of the judgment-roll. (Rev. Stats., sec. 4456; *Palmer v. McMaster,* 8 Mont. 186, 19 Pac. 585; *Strode v. Strode,* ante, p. 67, 52 Pac. 161.) This is not a collateral, but a direct, attack upon the judgment in

*Orr & Orr v. Ollis* (12 Am. & Eng. Ency. of Law, 147, note j), and therefore authorities upon collateral attacks are not in point. (*McKinley v. Tuttle,* 42 Cal. 571; *Vaule v. Miller,* 69 Minn. 440, 72 N. W. 452.) Courts of equity have always entertained actions for this purpose where the judgment was obtained by fraud, accident, mistake, or without service of process upon the defendant: (3 Estee's Pleadings, 4th ed., sec. 4828b, and cases cited; *People v. Thomas,* 101 Cal. 571, 36 Pac. 10; *Hurlburt v. Thomas,* 55 Conn. 181, 3 Am. St. Rep. 43.) Records import absolute verity only when it appears that the defendant was within the territorial jurisdiction of the court. (*Galpin v. Page,* 18 Wall. 350; S. C., 3 3 Saw. 93, Fed. Cas. No. 5206; *Palmer v. McMaster,* 8 Mont. 186, 19 Pac. 585; Freeman on Judgments, 3d ed., sec. 125; *Clark v. Thompson,* 47 Ill. 25, 95 Am. Dec. 457; *Belcher v. Chamber,* 53 Cal. 635.) The rule upon the question of presumption and impeachment in these matters, which is supported by the great weight of authority upon which the appellants rely, and to which we respectfully invite the attention of this court, is laid down in *Pennoyer v. Neff,* 95 U. S. 714; 3 Estee's Pleadings, 4th ed., secs. 4754, 4828, notes a, b, d, e, and citations; *Goodale v. Coffee,* 24 Or. 346, 33 Pac. 990; *Willamette R. E. Co. v. Hendrix,* 28 Or. 485, 52 Am. St. Rep. 800, 42 Pac. 514; *Alderson v. Marshall,* 7 Mont. 288, 16 Pac. 576; *Palmer v. McMaster,* 8 Mont. 186, 19 Pac. 585; *Galpin v. Page,* 8 Wall. 350; S. C., 3 Saw. 93, Fed. Cas. No. 5206; *Strode v. Strode,* ante, p. 67, 52 Pac. 161; *Neff v. Pennoyer,* 3 Saw. 274, Fed. Cas. No. 10,083.)

Sample H. Orr and Dietrich & Stevens, for Respondents.

A judgment is void upon its face when the fact is made apparent by an inspection of the judgment-roll. (*Jacks v. Baldez,* 97 Cal. 91, 31 Pac. 899; *People v. Harrison,* 84 Cal. 607, 24 Pac. 311; *People v. Thomas,* 101 Cal. 571, 36 Pac. 10.) Hence, if the entry of judgment be regular, and other portions of the judgment-roll affirmatively show lack of jurisdiction, the judgment would be void upon its face, and would

not even cast a cloud upon the title of the property sold under it.  In other words, it became necessary for the plaintiffs in stating a cause of action, to quiet title, to allege the regularity of the judgment, and hence the judgment-roll upon its face, and such is, in substance, the allegation in the complaint; and such was the intention of the pleader, for, upon being required to make the complaint more definite and point out the defect upon which reliance was to be placed, the pleader went outside of the judgment-roll, and attacked only the affidavit for the order of publication.  That the affidavit for order of publication is not a part of the judgment-roll must be admitted. (See Rev. Stats., sec, 4456; *Hahn v. Kelly,* 34 Cal. 391, 94 Am. Dec. 742, and note: *Sharp v. Daugney,* 33 Cal. 505; *People v. Thomas,* 101 Cal. 571, 36 Pac. 10.)  An affidavit for publication which states jurisdictional facts only by general inference, renders the judgment not void, but voidable.  (*Raymond v. Nix,* 5 Okla. 656, 49 Pac. 1110; *Long v. Fife,* 45 Kan. 271, 23 Am. St. Rep. 724, 25 Pac. 594; *Shippen v. Kimball,* 47 Kan. 173, 27 Pac. 813; *Washburn v. Buchannan,* 52 Kan. 417, 34 Pac. 1049; *DcCorvet v. Dolan,* 7 Wash. 365, 35 Pac. 72, 1072.)  And note that the affidavits in these cases are even less satisfactory than the one in question.  (See, also, *Miller v. Brinkerhoff,* 4 Denio, 118, 47 Am. Dec. 242; *Staples v. Fairchild,* 3 N. Y. 41, 46.)  *Gregory v. Ford,* 14 Cal. 139, is a case involving a record similar to this.  The court says: "A defendant having no defense to an action cannot go into equity and enjoin a judgment by default on the ground that the sheriff's return of service on him is false, and that, in fact, he had no notice of the proceeding."  (See same case with note in 73 Am. Dec. 639.)  The same doctrine is announced by the same court in *Harnish v. Bramer,* 71 Cal. 155, 11 Pac. 888, and from innumerable authorities we cite the following: *Harman v. Moore,* 112 Ind. 221, 13 N. E. 718; *Woods v. Brown,* 93 Ind. 164, 47 Am. Rep. 369; *Gifford v. Morrison,* 37 Ohio St. 502, 41 Am. Rep. 537; *Piggott v. Addicks,* 3 G. Greene, 427, 56 Am. Dec. 547; *Poor v. Tuston,* 53 Kan. 86, 35 Pac. 792; *Janes v. Howell,* 37 Neb. 320, 40 Am. St. Rep. 494, 55 N. W.

965; *White v. Crow,* 110 U. S. 183, 4 Sup. Ct. Rep. 71; *Massachusetts Ben. Assn. v. Lohmiller,* 74 Fed. 23; *Pilger v. Torrence,* 42 Neb. 903, 61 N. W. 99; *John V. Farwell Co. v. Hilbert,* 91 Wis. 437, 65 N. W. 172; *Crocker v. Allen,* 34 S. C. 452, 27 Am. St. Rep. 831, 13 S. E. 650.

QUARLES, J.—This action was commenced by the appellants to obtain a decree declaring a certain judgment, execution sale of certain lands, and a sheriff's deed therefor to the defendants, to be void. The judgment attacked was rendered April 13, 1893, in the district court in and for Bingham county; the execution sale thereunder was made May 27, 1893; and the sheriff's deed bears date December 24, 1894. The judgment is attacked on the idea that the court did not obtain jurisdiction of the person of the defendant therein, Daniel Ollis, the ancestor of the appellants. The complaint is very meager, and that part which attacks the judgment is as follows, to wit: "That heretofore, to wit, on the seventh day of October, 1892, and during the lifetime of said Sample Orr, a firm composed of Sample Orr and Sample H. Orr, doing business at Blackfoot, Idaho, under the firm name of Orr & Orr, began an action in this court against Daniel Ollis, claiming that the said Daniel Ollis was indebted to said firm; that the summons in said cause was not served on the said Daniel Ollis, but an attempted service was made by the publication of said summons in the 'Blackfoot News,' a newspaper published at Blackfoot, Idaho, but that the affidavit on which said service was ordered was insufficient, and the order is and was unauthorized and void; and that without the service of summons, and without the said Daniel Ollis being before the court, and without an opportunity to be heard, a judgment in said cause was attempted to be taken and filed herein, on the thirteenth day of April, 1893."

It will be seen that the complaint states no fact showing want of jurisdiction in the court to render the judgment attacked. It states enough to show that the defendant was not actually served with summons, and that an attempt was made to obtain constructive service. The alleged failure of the court

to obtain jurisdiction of the person of the defendant is based upon the allegation that "the affidavit on which said service was ordered is insufficient, and the order is and was unauthorized and void," which is not a statement of facts, but of conclusions of law. The complaint did not state a cause of action. It would not support a judgment in favor of the plaintiffs.

The motion for a new trial by the plaintiffs, appellants here, was properly denied, if for no other reason, for the reason that the complaint did not state a cause of action, and would not, therefore, support a judgment in favor of the plaintiffs. The district court is a court of general jurisdiction. Every presumption and intendment of law is in favor of the regularity of a judgment of a court of general jurisdiction, and to overcome such presumption, in a suit brought to have such judgment declared void, facts must be alleged and proven showing wherein the court failed to obtain jurisdiction to render the judgment which is so attacked. This was not done in the case at bar; wherefore the judgment and the order denying a new trial are both affirmed, with costs of appeal to respondents.

Huston, C. J., and Sullivan, J., concur.