(January 3, 1925.)

LOUIS E. BLANDY, Appellant, v. MODERN BOX MANUFACTURING COMPANY, a Corporation, Respondent.

[232 Pac. 1095.]

RECORD ON APPEAL—JUDGMENT-ROLL—SERVICE AND RETURN—JURISDICTION—RECITAL IN JUDGMENT.

1. Upon a default judgment where the complaint is not answered by any defendant, the findings of fact and conclusions of law are not a part of the judgment-roll, and the fact that the clerk includes them therein and certifies them as a part thereof does not make them such.

2. On appeal from an order mentioned in C. S., sec. 7164, if the appellant wishes this court to consider any papers claimed to have been used on the hearing in the court below, it is his duty to have those papers in some way certified as used on the hearing in the court below.

3. When service has in fact been made, so as to give a court jurisdiction, but the proof thereof is defective, or altogether lacking, the defect may be remedied or the proof supplied after judgment. It is the service, and not the proof thereof, that gives the court jurisdiction.

4. Every presumption and intendment of law is in favor of the regularity of a judgment of a court of general jurisdiction. A return of service of a summons and complaint upon a domestic corporation by service upon the auditor of the county in which the principal place of business of such corporation is located does not contradict or conflict with a recital in the judgment of the defendant having been duly served with process and its default having been duly entered according to law, and does not render the judgment void upon its face.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. John M. Flynn, Judge.

Appeal from an order vacating a judgment for the plaintiff and an order vacating appointment of receiver. *Reversed.*

Ezra R. Whitla, for Appellant.

In this action the findings of fact are a part of the record in the case. On such a proceeding as this the court will take judicial knowledge of all of the proceedings in determining any question in the case. (*Hollenback v. Schnabel,* 101 Cal. 312, 40 Am. St. 57, 35 Pac. 872; *Haaren v. Mould,* 144 Iowa, 296, 122 N. W. 921, 24 L. R. A., N. S., 404; *Stewart v. Rosengren,* 66 Neb. 445, 92 N. W. 586; *White v. Jansen,* 81 Wash. 435, 142 Pac. 1140; *Slater v. Roche,* 148 Iowa, 413, 126 N. W. 925, 28 L. R. A., N. S., 702; *Baca v. Catron,* 24 N. M. 242, 173 Pac. 862; *Parkes v. Burkhart,* 101 Wash. 659, 172 Pac. 908; *Searls v. Knopp,* 5 S. D. 325, 49 Am. St. 873, 58 N. W. 807; *Graves v. Kelley,* 62 Ind. App. 164, 112 N. E. 899.)

Defendant attempts to escape liability on the ground that the proof of the sheriff's return is technically defective. There is no showing that any right of the defendants has been denied. (C. S., sec. 6728; *Harpold v. Doyle,* 16 Ida.

671, 102 Pac. 165; *McKnight v. Grant,* 13 Ida. 629, 121 Am. St. 287, 92 Pac. 989.)

The court acquired jurisdiction when the summons was served. (C. S., sec. 6681.)

Service, not proof, gives jurisdiction. (*Lucky Boy M. & M. Co. v. Moore,* 23 Ariz. 291, 203 Pac. 556; *Von Arx v. Boone,* 193 Fed. 612, 113 C. C. A. 480; *Ranch v. Werley,* 152 Fed. 509; *Hibernia Savings & Loan Assn. v. Matthai,* 116 Cal. 424, 48 Pac. 370.)

Proof of service can be made at any time, in any way. (*Cunningham v. Spokane Hydraulic Min. Co.,* 20 Wash. 450, 72 Am. St. 113, 55 Pac. 756; *Frisk v. Reigelman,* 75 Wis. 499, 17 Am. St. 198, 43 N. W. 1117, 44 N. W. 766; *Burr v. Seymour,* 43 Minn. 401, 19 Am. St. 245, 45 N. W. 715; *Seeley v. Taylor,* 17 Colo. 70, 28 Pac. 461, 463; *Herman v. Santee,* 103 Cal. 519, 42 Am. St. 145, 37 Pac. 509; *Paulin v. Sparrow,* 91 Ohio St. 279, 110 N. E. 528.)

Service on the county auditor under C. S., sec. 6667, is good. (*Brooks v. Orchard Land Co.,* 21 Ida. 212, 121 Pac. 101.)

The fact of service may be made to appear in any way and it will be sufficient. (*Farrel v. Oregon Gold Min. Co.,* 31 Or. 463, 49 Pac. 876; *Jones v. Gunn,* 149 Cal. 687, 87 Pac. 577; *Spaulding & Co. v. Chapin,* 37 Cal. App. 573, 174 Pac. 334; *Morrissey v. Gray,* 160 Cal. 390, 117 Pac. 438; *Hahn v. Kelly,* 34 Cal. 391, 94 Am. Dec. 742; *Northwestern & Pac. Hypotheek Bank v. Ridpath,* 29 Wash. 687, 70 Pac. 139.)

On a direct attack the recitals of a judgment are presumptive and until the party attacking the judgment overcomes this presumption the recitals are conclusive. (*Whitney v. Daggett,* 108 Cal. 232, 41 Pac. 471; *People v. Harrison,* 84 Cal. 607, 24 Pac. 311; *Monk v. Horne,* 38 Miss. 242, 75 Am. Dec. 94; *City of Ballard v. Way,* 34 Wash. 116, 101 Am. St. 993, 74 Pac. 1067; *White v. White,* 66 W. Va. 79, 135 Am. St. 1013, 66 S. E. 2, 24 L. R. A., N. S., 1279; *Toliver v. Morgan,* 75 Iowa, 619, 34 N. W. 858; *Ladd v. Higley,* 5 Or. 296; *People v. Davis,* 143 Cal. 673, 77 Pac. 651; *Pettis v.*

*Johnston,* 78 Okl. 277, 190 Pac. 681; *Ollis v. Orr,* 6 Ida. 474, 56 Pac. 162; 15 R. C. L., pars. 358–369; *McKibben v. Mc-Kibben,* 139 Cal. 448, 73 Pac. 143; *Secrist v. Green,* 3 Wall. (U. S.) 744, 18 L. ed. 153.)

R. H. Elder, for Respondent.

Appellant has included in the transcript findings of facts and conclusions of law which are not a part of the judgment-roll. (C. S., sec. 4456; *ONeil v. Potvin,* 13 Ida. 725, 93 Pac. 20, 257; *Nixon v. Tongren,* 33 Ida. 287, 193 Pac. 731.)

In default cases if the judgment-roll does not show service the judgment is void. (*Vermont Loan & Trust Co. v. Mc-Gregor,* 5 Ida. 510, 51 Pac. 104; Black on Judgments, sec. 232; *Applington v. G. V. B. Min. Co.,* 6 Ida. 216, 55 Pac. 241; *Nixon v. Tongren,* 33 Ida. 287, 193 Pac. 731; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023.)

A judgment void on its face is one that appears to be void by an inspection of the judgment-roll. (*Latta v. Tutton,* 122 Cal. 279, 68 Am. St. 30, 54 Pac. 844; *People v. Harrison,* 84 Cal. 607, 24 Pac. 311; *Jacks v. Baldez,* 97 Cal. 91, 31 Pac. 899; *Whitney v. Daggett,* 108 Cal. 232, 41 Pac. 471.)

When it appears on the face of the judgment-roll that the court did not have jurisdiction the judgment is void. (*Evans v. Oregon Short Line R. R.,* 51 Mont. 107, 149 Pac. 715; *Hoitt v. Skinner,* 99 Iowa, 360, 68 N. W. 788; *Dean v. Dean,* (Tex. Civ.), 165 S. W. 90.)

A recital in a judgment or a decree that service of process has been had on the defendant must be read in connection with that part of the record which gives the official evidence of the service of process, the officer's return, and if the writ with the officer's return shows a defective or improper service of process this will prevail over the recital in the judgment or decree. (*Settlemier v. Sullivan,* 97 U. S. 444, 24 L. ed. 1110; *Munson v. Pawnee Cattle Co.,* 53 Colo. 337, 126 Pac. 275; *Morse v. United States,* 29 App. D. C. 433; *Hobby v. Bunch,* 83 Ga. 1, 20 Am. St. 301, 10 S. E. 113; *Spring Creek Drainage Dist. v. Highway Commrs.,* 238 Ill. 521, 87

N. E. 394; *Schaller & Son v: Marker,* 136 Iowa, 575, 114 N. W. 43; *Davis v. Montgomery,* 205 Mo. 271, 103 S. W. 979; *Kunzi v. Hickman,* 243 Mo. 103, 147 S. W. 1002; *Point Pleasant v. Greenlee & Harden,* 63 W. Va. 207, 129 Am. St. 971, 60 S. E. 601; *Duval v. Johnson,* 90 Neb. 503, Ann. Cas. 1913B, 26, 133 N. W. 1125.)

TAYLOR, District Judge.—Appellant recovered judgment against respondent, an Idaho corporation, on May 11, 1918; thereafter E. H. Berg was appointed receiver. These proceedings were before Hon. R. N. Dunn, then the presiding judge of the eighth judicial district. On February 28, 1923, two motions were made by counsel for the respondent, one to set aside the judgment, the other to vacate and set aside the order appointing receiver. In the motion to set aside the judgment, the following reasons were recited:

"1. That from the judgment-roll in said cause it may and can be determined that said judgment is void and of no force or effect.

"2. That no service of summons was made in the above-entitled cause upon the defendant, Modern Box Manufacturing Company," with a statement, "that this motion will be made upon the judgment-roll in said action."

The motion to set aside the appointment of a receiver recites the following reasons:

"1. That the application for the appointment of a receiver was not served upon the defendant.

"2. That the judgment under which said receiver was appointed was void and of no force or effect.

"3. That the court had no jurisdiction to appoint a receiver.

"4. That the court had no jurisdiction or authority to appoint Edward H. Berg as receiver."

And that it would "be made upon the application for the appointment of a receiver, the order appointing the receiver, the judgment-roll and the records and files of the above-entitled cause."

Both motions were granted, separate orders made, one vacating the judgment, "on the ground that said judgment was and is void," the other reciting that, "having heretofore ordered that the judgment in the above-entitled action be set aside, vacated and held for naught on the ground that the same was and is void.

"It is now ordered, that the aforesaid order appointing a receiver in the above-entitled action be and the same is hereby vacated, set aside and held for naught on the ground that the judgment in the above-entitled action was and is void, and that the court had no jurisdiction to appoint a receiver in the said action, because said judgment was and is void.

"The court finds that the grounds stated in said motion that the application for the appointment of a receiver was not served upon the defendant and that the court had no jurisdiction or authority to appoint Edward H. Berg as receiver are not well taken, and it does not base this order on either of said two last-mentioned grounds."

This appeal is from each of those orders. We are first met with a motion by respondent to strike from the transcript the findings of fact and conclusions of law and other papers on the ground that they do not constitute a part of the judgment-roll or the record on appeal and were not considered by the judge in his decision on the motions. This motion to strike was not argued as a preliminary motion, but as argument was made and is presented in the briefs on the objection to consideration of the findings of fact and conclusions of law, and, as we have decided to consider the findings of fact and conclusions of law, we will assign the reasons.

Under C. S., sec. 6901, subd. 1, the findings of fact and conclusions of law are not a part of the judgment-roll in a default case unless they might be incorporated in the judgment physically; there is no necessity for their being on a separate paper, but if they are on a separate paper, they are not a part of the judgment-roll. (*Dukes v. Board of County Commrs.*, 17 Ida. 736, 107 Pac. 49; *O'Neill v. Potvin*, 13 Ida. 721, 93 Pac. 20, 257; *Nixon v. Tongren*, 33 Ida. 287,

193 Pac. 731.)   C. S., sec. 7164, provides that on an appeal such as this, the appellant shall furnish this court, among other things, with a copy of "all papers used on the hearing in the court below." Rule 24 of this court requires a certificate attached to or a part of such order as is appealed from herein, signed by the judge, clerk or attorneys, substantially certifying that the papers therein named, all of which are "of the records or files in this case, were submitted to the judge and by him used on the hearing of the motion for a new trial (or any other contested motion), and constitute all the records, papers and files used or considered by said judge on such hearing."

By the certificate attached to the order setting aside the judgment, the judge certifies that, "In making the foregoing order, I considered the following papers and files in the case and no other than the following files and papers, to wit: The motion of defendant to vacate said judgment and filed March 2d, 1923, and the judgment-roll in said action, to wit: The summons with the affidavit of service; the complaint with the memorandum indorsed thereon that the default of the defendant in not answering was entered, and the judgment in said action."

It would appear from the record that the clerk had made up a judgment-roll which physically incorporated therein the findings of fact and conclusions of law; it is in the record certified as such, and named in the clerk's certificate to the transcript which, after reciting certain papers, including the findings of fact, recites in parentheses, "which foregoing papers constitute the judgment-roll." There is, however, no certificate as to what papers were "submitted to the judge and by him used on the hearing," the judge having certified only to what papers he considered.

If the appellant did present the papers which he has incorporated in the transcript, which were not a part of the judgment-roll, and which the judge of the lower court does not certify that he considered, and wished this court to consider them, it was his duty, under the law and the rules, to incorporate them in a statement or bill of exceptions, or in

some way have the court certify that they were submitted and used but that he refused to consider them.   (*Dougal v. Eby*, 11 Ida. 789, 85 Pac. 102.)   The fact that a clerk incorporates in a judgment-roll papers which do not belong there does not make them legally a part of the judgment-roll, or entitle them to be brought to this court as such, unless the record discloses they were used or considered, or submitted and their consideration refused by the judge on such hearing.   (*Dudacek v. Vaught*, 28 Ida. 442, 154 Pac. 995.) However, in the certificate of the judge as to papers considered by him on the motion to vacate the appointment of a receiver, there is named "The application for appointment of a receiver."   This application contained in it a statement that "The court made and entered its findings of fact and conclusions of law which are hereby referred to as a part of this application."   The motion was made upon the records and files, the findings of fact and conclusions of law are certified in the transcript, and the judge had a right to take juridical notice of them as previous records in the same case. (*Haaren v. Mould*, 144 Iowa, 296, 122 N. W. 921, 24 L. R. A., N. S., 404.)   We, therefore, conclude that the findings of fact and conclusions of law were before the judge in the lower court and that his certificate means that he did not consider them in arriving at his decision.

In the state of this record, with no showing of what papers, records or files were "used," and only a record of those considered by the lower court, all that part of the transcript which was not shown by either certificate to have been considered must be disregarded and stricken and the following papers are therefore stricken from the transcript: Petition of E. H. Berg, Receiver, for authority to sue; the order set forth on page 36 of the transcript; the paper designated, "Clerk's letter to A. E. Knight," set forth on page 37 of the transcript; the paper designated "Petition for authority to borrow money," set forth on pages 38 and 39 of the transcript; the paper designated "Order," set forth on pages 40 and 41 of the transcript.

We come now to the controlling question in this case: Whether the lower court had jurisdiction of the defendant. Respondent attacks the judgment on the ground that it appears on the face of the judgment-roll to be void and that no service of summons was made upon the defendant. Unless the judgment is void upon its face, it is too late to present the matter by motion. (*Nixon v. Tongren, supra.*)

C. S., sec. 6676, provides: "The summons must be served by delivering a copy thereof as follows:

"If the suit is against a corporation formed under the laws of this state, to the president, or other head of the corporation, secretary, cashier, or managing agent thereof; Provided, That if such president, secretary, cashier or managing agent shall all have moved from or ceased to be a resident of, or be absent from the state, or their names cannot be ascertained by the sheriff or other person seeking to procure service, then service may be made by delivering a copy of the summons and copy of the complaint to the auditor of the county in which the principal place of business of such corporation is located according to its articles of incorporation, in the manner and with the same effect as though such service had been made upon any of the above officers or agents of such company."

The record discloses that this action was instituted upon January 22, 1918. Summons was issued and that day served upon the county auditor of Benewah county. The affidavit of service sets forth: "That I received the summons in the above-entitled action and personally served the same upon the defendant, Modern Box Manufacturing Company, a corporation, by delivering to and leaving with Warren T. Sheppard, the county auditor of Benewah county, Idaho, said county being the principal place of business of the defendant corporation, which is organized under the laws of the state of Idaho, personally a true and correct copy of said summons attached to a copy of the complaint in said action, said service being made on the 22d day of January, A. D. 1918; that A. E. Knight, the party whom said defendant company is claiming is the president and sole managing

agent thereof, has not been personally present in Benewah county for more than thirty days, and more than three months ago he left the state of Idaho to reside permanently elsewhere, and as affiant is informed and believes, is residing and making his permanent place of business and headquarters in Spokane county, Washington.''

Thereafter, on February 12, 1918, the default of the defendant was entered by the clerk.   On May 13, 1918, Judge R. N. Dunn, presiding, made findings of fact reciting that the plaintiff appeared by counsel, ''but the defendant did not appear and was not represented, and after hearing the evidence introduced by plaintiff, . . . . The court finds that at all the times hereinafter mentioned, the defendant, the Modern Box Manufacturing Company was and still is, a corporation, organized and existing under and by virtue of the laws of the state of Idaho, and at the time of the accident herein complained of was engaged in manufacturing boxes at St. Maries, in Benewah county, Idaho, and at the present time is a corporation duly existing and authorized to do business under and by virtue of the laws of the state of Idaho, and having full powers and authority as such corporation; that none of the officers of said defendant corporation are or were, or had been for several months prior to the commencement of this action, present in Benewah county or the state of Idaho, and said defendant company at the time of the commencement of this action did not have any officer or agent within this state upon whom service could be made and service in this action was duly made upon Warren T. Sheppard, county auditor of Benewah county, Idaho, on the 22d day of January, 1918, and from the evidence taken in this case the court finds that said service was a good and valid service upon said defendant, . . . . and the court finds that by reason thereof it has acquired due jurisdiction herein to render judgment as prayed for in plaintiff's complaint, and that due jurisdiction has been obtained of said defendant.''

By a judgment signed and entered the same day, the court recites: ''The defendant, the Modern Box Manufacturing

Company, a corporation, having been duly served with process, and having failed to appear or answer within the time allowed by law or at all, and the time having expired, and the default of said defendant in the premises having been duly entered according to law.''

There is a line of authorities holding to a strict construction on questions of jurisdiction; that a judgment-roll must affirmatively show the jurisdiction of the court, that a return of service must show all the jurisdictional facts, and limiting strictly any presumptions in favor of jurisdiction on recitals of due service in a judgment, to the service or jurisdiction shown in the return. Among these is the case of *Duval v. Johnson*, 90 Neb. 503, Ann. Cas. 1913B, 26, 133 N. W. 1125; however, that court says: ''The weight of authority in other states seems to support a contrary view, . . . . having adhered to the rule of strict construction for so many years, we are content to follow the beaten track in this jurisdiction.''

In *Harpold v. Doyle*, 16 Ida. 671, 102 Pac. 158, this court quoted with approval from Mr. Freeman's work on Judgments, sec. 127, as follows:

''The tendency of recent decisions is to strengthen the position that the orders and proceedings of courts of general jurisdiction, where process is constructively served, are supported by the same presumptions as where the court proceeds upon personal service, and can no more be avoided for mere errors and irregularities than can its other orders and judgments.''

*Reinhart v. Lugo*, 86 Cal. 395, 21 Am. St. 52, 24 Pac. 1089, relied upon by counsel, cited in previous decisions of this court, has been overruled by the California court in line with this tendency. (*Herman v. Santee*, 103 Cal. 519, 42 Am. St. 145, 37 Pac. 509; *Spaulding & Co. v. Chapin*, 37 Cal. App. 573, 174 Pac. 334.)

Respondent cites many cases in support of its contention that in default cases if the judgment-roll does not show service the judgment is void. The authorities cited do not support this rule nor is it in line with the great weight of authority.

"Every presumption and intendment of law is in favor of the regularity of a judgment of a court of general jurisdiction." (*Ollis v. Orr,* 6 Ida. 474, 56 Pac. 162; see, also, *Whitney v. Daggett,* 108 Cal. 232, 41 Pac. 471; *People v. Harrison,* 84 Cal. 607, 24 Pac. 311; *Monk v. Horne,* 38 Miss. 242, 75 Am. Dec. 94; *City of Ballard v. Way,* 34 Wash. 116, 101 Am. St. 993, 74 Pac. 1067; *Ladd v. Higley,* 5 Or. 296; *People v. Davis,* 143 Cal. 673, 77 Pac. 651; *Pettis v. Johnston,* 78 Okl. 277, 190 Pac. 681; *Secrist v. Green,* 3 Wall. (U. S.) 744, 18 L. ed. 153.)

Respondent's contention that where there is a conflict between the recitals of the judgment and the return of the officer, the return must control, is not applicable for in this case there is not a conflict. The return tends to support the recital not contradict it.

"When service has in fact been made, so as to give a court jurisdiction, but the proof thereof is defective, or altogether lacking, the defect may be remedied or the proof supplied after judgment. It is the service, and not the proof thereof, that gives the court jurisdiction." (*Lucky Boy Min. & Mill. Co. v. Moore,* 23 Ariz. 291, 203 Pac. 556.)

"Jurisdiction to enter a judgment against a defaulting defendant rests upon the fact of service itself, and the return of service is simply the evidence of the jurisdictional fact, and is subject to amendment so as to make it conform to the facts. Jurisdiction of the person of the defendant is acquired by service of process, and attaches on the service and not upon the return." (*Call v. Rocky Mountain Bell Tel. Co.,* 16 Ida. 551, 133 Am. St. 135, 102 Pac. 146.)

"If the return upon the summons or other writ designed to give the court jurisdiction over the person of the defendant is omitted, or incorrectly made, but the facts really existed which were required to give the court jurisdiction, the weight of authority at the present time permits the officer to correct or supply his return until it states the truth, though by such correction a judgment apparently void is made valid. Though the proof of the service of process does not consist of the return of an officer, the like rule prevails.

Thus, if the summons has been published in the manner required by law, but the proof of publication found in the files of the court is defective, the court may, on the fact of due publication being shown, permit an affidavit to be filed showing the facts, and when so filed it will support the judgment, as if filed before its entry.'' (Freeman on Judgments, 4th ed., sec. 89b, cited in *Call v. Rocky Mountain Bell Tel. Co., supra.* See, also, *Ranch v. Werley* (C. C. Or.), 152 Fed. 509; *Frisk v. Reigelman,* 75 Wis. 499, 17 Am. St. 198, 43 N. W. 1117, 44 N. W. 766; *Transier v. St. Louis etc. R. R. Co.,* 54 Mo. 189.)

While the better practice would be that the proof be submitted and an order made in such form that the return or proof of service be amended in the judgment-roll, yet, in a case such as this, it can be and was ascertained that all of the facts existed which made the kind of service shown by the return valid service conferring jurisdiction. This is followed by a recital that the defendant had been duly served with process and a default entered. (*Seeley v. Taylor,* 17 Colo. 70, 28 Pac. 461, 463.)

Service upon the county auditor conferred jurisdiction, ''if the president, secretary, cashier, or managing agent shall all have moved from or ceased to be a resident of or be absent from the state, or their names cannot be ascertained by the sheriff or other person seeking to procure service,'' and even disregarding the findings of fact, the judgment recites defendant having been duly served with process and its default having been duly entered according to law. The return of service does not affirmatively contradict or conflict with this recital. This judgment was not void on its face.

In the view taken by this court it will be unnecessary to pass upon the objections raised by appellant in the lower court to the appearance of counsel for respondent, or the jurisdiction or authority of the lower court to appoint Edward H. Berg as receiver due to his alleged previous connection with the case as attorney. As to the latter, the order specifically recites that it was not made upon those grounds, but because the judgment was void.

The orders appealed from are reversed, and it is so ordered. Costs are awarded to appellant.

McCarthy, C. J., and Budge J., concur.

WM. E. LEE, J., Dissenting.—On May 11, 1918, appellant obtained a judgment against respondent. Service of summons in the action was on the county auditor. Respondent did not appear or answer the complaint. On March 2, 1923, respondent filed a motion to vacate and set aside the judgment for the reason that from the judgment-roll it can be determined that the judgment is void; and that no service of summons was made on the defendant.

The motion was argued before the late Judge Flynn, who set the judgment aside, and certified that he considered only the papers constituting the judgment-roll, specifying the papers used, and not including the findings of fact. The findings of fact are not a part of the judgment-roll when the complaint is not answered. (C. S., sec. 6901.) Judge Flynn very properly determined the question from an inspection of the papers constituting the judgment-roll.

"The district court may at any time vacate or set aside its judgment previously entered when it is apparent from the face of the judgment-roll that such judgment is void." (*Nixon v. Tongren,* 33 Ida. 287, 193 Pac. 731. (See, also, *O'Neill v. Potvin,* 13 Ida. 721, 93 Pac. 20, 257.) And in deciding whether the judgment should have been vacated, this court should not consider the findings, but should determine the question from an inspection of the judgment-roll. (*O'Neill v. Potvin, supra; Nixon v. Tongren, supra.*)

In an action against a domestic corporation the summons must be served by delivering a copy thereof to the "president or other head of the corporation, secretary, cashier, or managing agent thereof." (C. S., sec. 6676.) But where all such persons "have moved from or ceased to be a resident of, or be absent from the state, or their names cannot be ascertained by the sheriff or other person seeking to procure service, then service may be made by delivering a copy . . . .

40 Idaho—24

to the auditor of the county." (C. S., sec. 6676.) Service was made by delivering a copy of the summons and complaint to the county auditor, for the reason, according to the affidavit of service, that "A. E. Knight, the party whom said defendant company is claiming as the president and sole managing agent thereof, has not been personally present in Benewah county for more than thirty days. . . . . " Conceding that the affidavit might be sufficient to show that A. E. Knight, president and managing agent, had moved from and ceased to be a resident of the state, there is nothing to show why service was not made on the secretary or cashier or "other head of the corporation"; and we cannot presume that all such officers and persons had "moved from or ceased to be a resident of, or be absent from the state, or their names cannot be ascertained," by the person seeking to procure service. The law does not authorize that service of summons on a domestic corporation be made by delivering a copy of the summons to the county auditor except where service cannot be had on the corporation by delivering a copy of the summons to one of the officers of the corporation mentioned in C. S., sec. 6676. The return does not show that the corporation was served with process. It follows that the court did not have jurisdiction to make and enter judgment against the defendant. I do not agree with the statement in the majority opinion that the recital in the judgment that "defendant having been duly served with process" is supported by and is not in conflict with the return; and I am of the opinion that the order of Judge Flynn should be affirmed.

William A. Lee, J., concurs in the foregoing dissent.