Argued September 15, affirmed October 5, 1960

IN THE MATTER OF THE ESTATE OF
MABEL F. LEWIS, DECEASED
ALREAD *v.* RICKMAN ET AL

355 P. 2d 751

*Leo Levenson,* Portland, argued the cause for appellant. With him on the brief were William E. Gross and Eugene I. Fulop, Portland.

*Robert L. Myers* and *Clarence D. Phillips,* Portland, argued the cause for respondents. On the brief were Shuler, Sayre, Winfree & Rankin and Phillips, Coughlin, Buell & Phillips, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

HOWELL, J. (Pro Tempore)

This is an appeal by the petitioner, whom we will refer to herein as plaintiff, from a proceeding to deter-

mine heirship. Plaintiff contends she is the sole heir of her mother Mabel F. Lewis, deceased. Plaintiff was not named nor provided for in her mother's will. The trial court determined that the plaintiff was the natural daughter of the deceased; that she was duly and regularly adopted by W. C. and Ruby Cooper in Nez Perce county, Idaho, on May 4, 1907, and that by reason of such adoption plaintiff was neither an heir at law nor next of kin of the deceased; and dismissed her petition.

The prime question concerns the validity of the order of adoption entered in the probate court in Nez Perce county, Idaho, in 1907. Plaintiff, in her petition filed in circuit court, challenged the Idaho adoption upon the ground that the consent was acquired by duress. That ground was not urged in this court, and plaintiff now contends that because the petition to adopt the plaintiff filed by the Coopers did not allege that the Coopers were residents of Nez Perce county or the state of Idaho, the Idaho adoption is void because of lack of jurisdiction. The *order* of adoption recited, "that said petitioners and each thereof reside in the county of Nez Perce and State of Idaho."

Our decision requires only a brief review of the facts. Plaintiff alleged in her petition and also testified that her father was one Ernest Driscal and that her mother and father "entered into no marriage ceremony." When plaintiff was about two years old, her mother, who was using the surname of Hulbert at that time, delivered plaintiff to the custody of her sister Ruby Cooper and her husband. The consent to adoption signed by plaintiff's mother as "Mabel Hulbert" referred to the plaintiff as "Edna Hulbert." Plaintiff testified she lived with her aunt, Mrs. Cooper,

and W. C. Cooper until she was 13. Thereafter she lived in various places, including the home of her natural mother. While the record is not as definite as it should be, it is quite apparent that W. C. and Ruby Cooper were residing in Lewiston, Idaho, at the time the plaintiff was delivered to them from her mother's home in Clarkston, Washington. Lewiston, Idaho, is and was in May, 1907, the county seat of Nez Perce county.

It is conceded by the parties that to determine the validity of the adoption in question we must apply the law of the state of Idaho.

The procedural requirements for adoptions in Idaho in 1907 are set forth in the following statutes from the Idaho Civil Code of 1901:

"Section 2080. The person adopting a child, and the child adopted, and the other persons, if within or residents of the county, whose consent is necessary, must appear before the probate judge of the county where the person adopting resides, and the necessary consent must thereupon be signed, and an agreement be executed by the person adopting, to the effect that the child shall be adopted and treated in all respects as his own lawful child should be treated. But if the parent or guardian of the child, or either of them, is a non-resident of the county where the application is made, such non-resident parent or guardian may execute his consent in writing, and acknowledge the same before any officer authorized by the laws of this state to take acknowledgments of deeds, which consent being filed in the court where the application is made, is deemed a sufficient appearance on the part of such non-resident.

"Section 2081. The judge must examine all persons appearing before him pursuant to the last section, each separately, and if satisfied that the in-

terests of the child will be promoted by the adoption, he must make an order declaring that the child thenceforth be regarded and treated in all respects as the child of the person adopting."

It will be observed that § 2080 above does not mention the filing of a petition. However, it would seem that one is contemplated in order to commence proceedings and to secure a date for the appearance before the probate court. 4 Vernier, American Family Laws 293.

 Probate courts in Idaho, as constitutional courts, are courts of general and not limited or inferior jurisdiction. *Clark v. Rossier,* 10 Idaho 348, 78 P 358; *Moyes v. Moyes,* 60 Idaho 601, 94 P2d 782.

> "All presumptions are in favor of the regularity and validity of judgments of courts of general jurisdiction (Blandy v. Modern Box Mfg. Co., 40 Idaho 356, 232 P. 1095), and, where the record is silent, regularity of judgment and truth of its recitals are conclusively presumed, in absence of contrary evidence (Baldwin v. Anderson, 52 Idaho 243, 13 P.2d 650). The presumption of the regularity of judgment of a court of general jurisdiction can only be overcome by pleading and proving the facts showing its want of jurisdiction (Ollis v. Orr, 6 Idaho 474, 56 P. 162), and in a collateral attack on a judgment, want of jurisdiction to render the judgment must appear on the face of the judgment-roll. O'Neill v. Potvin, 13 Idaho 721, 93 P. 20." *Hartenbower v. Mutual Ben. Life Ins. Co.,* 67 Idaho 254, 175 P2d 698.

█ In adoption proceedings in the state of Idaho probate courts are courts of general and exclusive jurisdiction. *Finn v. Rees,* 65 Idaho 181, 141 P2d 976.

In *In re Williams' Estate,* 102 Cal 70, 36 P 407 (1894), the petition for adoption recited residence in

the county of adoption, but the order of adoption was silent as to the residence of the petitioners. The California civil code governing adoptions in effect at that time was almost identical to the Idaho adoption statutes. The court said:

> "* * * Undoubtedly, under section 226 of that Code, it is a material fact, and necessary to the validity of an order consenting to the act of adoption, that the adopting parent and the judge making the order shall both be residents of the same county (Ex parte Clark, 87 Cal. 638, 25 Pac. 967); *but the statute does not require that this fact shall appear upon the face of what may be termed the 'adoption papers.' The only memorial of the proceeding which is required by the chapter of our Civil Code relating to adoption is the written consent of the parties whose consent is made necessary by the law, and the order of the proper judge, 'declaring that the child shall be regarded and treated in all respects as the child of the person adopting.'*" (Emphasis supplied.)

*In re Hoermann's Estate,* 108 Mont 386, 91 P2d 394 (1939), involved a Montana adoption executed in 1908 under a statute also almost identical to the Idaho statute. The consent, agreement to adopt and the petition were not filed in the record. The order of the court recited a petition had been filed, but the order was silent as to residence and consent. Evidence was received to show that the consent and agreement to adopt were in fact executed. The court stated that the consent was required to be *filed* only when the person whose consent was necessary was not within or was not a resident of the state. The court commented that the statute did not even require the filing of a written petition to adopt and held that lack of residence did not appear from the record. The

court also stated that residence was one of the issues to be passed upon and determined at the hearing on the adoption. In upholding the adoption the court stated:

> "If the court at the time of the adoption order erroneously found that Mr. Hoermann was a resident of Lewis and Clark county, that question cannot at this time be raised in a collateral attack on the order of adoption."

The plaintiff, in support of her contention that the Idaho court lacked jurisdiction because of the failure of the petition to allege the residence of the adoptive parents in Nez Perce county, relies upon *Smith v. Smith,* 67 Idaho 349, 180 P2d 853; *Vaughan v. Hubbard,* 38 Idaho 451, 221 P 1107; and *Ex Parte Helscel* (Okla), 268 P2d 287.

In the latter case the petitioners and the mother of the child were residents of Tulsa county, but had the adoption carried out in Creek county. The court held the parties had perpetrated a fraud upon the court and that it would be against public policy to uphold the adoption. In *Ex parte Clark,* 87 Cal 638, 25 P 967, cited in the Helscel case, the court stated that there was nothing in the *order* of adoption or in any of the papers showing that the petitioner was a resident of the county where the adoption transpired. The Helscel case does not support plaintiff's position because in the instant case there was no evidence to show that the Coopers were nonresidents of Nez Perce county, and the order of adoption recites that they were.

In *Vaughan v. Hubbard,* supra, the mother executed a consent to adoption with the understanding it was not to be used without her prior approval. Her approval was given later but under circumstances that

questioned whether it was given freely and voluntarily. The evidence showed that she was within the county where the adopting persons resided when she executed the consent but that she was not present nor within the county when the hearing was held. The court held that as the mother was within the county at the time she executed the consent, she should have appeared before the court, and had she done so, the court might have concluded that her consent was not given freely and voluntarily. There was no showing of consent from the father or that the father came within any of the statutory exceptions excusing the necessity of his consent. The court stated that "the lack of statutory power to make the order of adoption appearing on the face of the record the order may be attacked either directly or collaterally."

In the instant case the consent to adoption was signed on May 4, 1907, and the order of adoption made on the same date recites:

"* * * it appearing that said Minor, Edna Hulbert is now present in Court, as is also the Mother of said minor, Mabel Hulbert, as is also the petitioners for the adoption of said minor, William Cooper and Ruby Cooper, his wife: and after full examination of said parties it appearing that said minor child is of the age of two years, and that the consent of the said Mabel Hulbert, the mother of said Minor child has been signed before me and filed herein * * *."

Plaintiff also cites *Vaughan v. Hubbard,* supra, as authority that adoption statutes, being in derrogation of common law, are to be strictly construed. The court in that case noted that Idaho adoption statutes were taken from those of California, and that California held that proceedings for adoption are special

and therefore the requirements of the statutes must be strictly construed.

■ The rule of strict construction of adoption statutes in California only applies when consent of the natural parent is questioned. 2 Cal Jur2d 421, Adoption of Children § 5. In other respects the rule is that:

"* * * the courts are more and more inclined to abandon the rule of strict construction and to place a fair and reasonable construction upon proceedings under the statute, with a view of sustaining the relationship wherever possible, particularly as against a collateral attack." 2 Cal Jur2d 421, Adoption of Children § 4.

"Since an adoption proceeding must be instituted in the superior court, a court of general jurisdiction, the modern tendency is to abandon the idea that, because adoption proceedings were wholly statutory and unknown to the common law, the power of the superior court in such proceedings is special and limited and its jurisdiction must appear affirmatively by the record as to both subject matter and person. Instead, the order of adoption is now considered as entitled to all the presumptions which attach to any other judgment of that court, particularly in the case of a collateral attack upon the order of adoption, by a person claiming under the adopting parents, upon the ground of lack of consent by the natural parent." 2 Cal Jur2d 432, Adoption of Children § 16.

In the case of *Smith v. Smith,* supra, the natural parents of the child were divorced. The mother remarried and her second husband petitioned for adoption of the child. No consent was received from nor notice given to the natural father. The petition did not allege the residence of the petitioner, nor did it allege abandonment on the part of the natural father. The order of adoption, however, did recite abandon-

ment and the residence of the petitioner in the county of adoption. The court held the adoption void because of lack of consent and notice to the natural father and because the petitioner was not in fact a resident of the county where the adoption transpired.

■ While the court did refer to the recitals of abandonment and residence in the order of adoption not being supported by the petition, the facts involved are so substantially different from those in the present case that we do not feel the case is controlling. Here neither consent, notice nor residency is challenged. It could hardly be argued that the Idaho court did not have jurisdiction to determine at the hearing with all the parties being present if the petitioners were residents of Nez Perce county, whether they alleged it in their petition or not. That this fact was judicially determined appears on the face of the order when the court recited that a full examination of all the parties appearing was conducted and concluded that the petitioners were residents of the county. The court had jurisdiction of the subject matter and the parties. On a collateral attack and in the absence of any evidence of residence to the contrary, the order of adoption must be upheld on this ground.

Plaintiff argues in her brief that, as her mother was cohabitating with one Paddy Hulbert at the time, plaintiff presumptively became the daughter of Paddy and Mabel Hulbert, as Idaho recognizes common-law marriages. She cites the following Idaho statute:

> "*The father* of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes

legitimate from the time of its birth. The foregoing provisions of this subdivision do not apply to such an adoption." (Emphasis supplied.) Idaho Civil Code 1901, § 2084.

■ The evidence is uncontradicted that Paddy Hulbert was not plaintiff's father. The plaintiff in her petition in the trial court alleged that Ernest Driscal was her father. She testified to the same effect.

■ Plaintiff's final argument is that the order of adoption recites that the parties present were examined as provided by law without stating they were examined "separately." This is hardly a defect. The requirement of a separate examination of the persons appearing before the court is merely directory. *In re Williams' Estate*, supra.

The order dismissing the petition is affirmed. Defendants to recover costs.