(December 12, 1907.)

# EUGENE O'NEILL, Appellant, v. EDMOND D. POTVIN, Respondent.

[93 Pac. 20.]

JUDGMENT—COLLATERAL ATTACK—DIRECT ATTACK—WHAT RECORD MAY BE USED ON COLLATERAL ATTACK—JUDGMENT-ROLL—WHAT CONSTITUTES—SERVICE OF SUMMONS BY PUBLICATION—DEFAULT OF DEFENDANT—AFFIDAVIT AND ORDER FOR PUBLICATION OF SUMMONS.

1. The attack upon a judgment is collateral if the action or proceeding has an independent purpose and contemplates some other relief or result than the mere setting aside of the judgment, although the setting aside of the judgment may be necessary to secure such independent purpose.

2. Where the main object or purpose of an appeal, writ of error or motion, if taken or made in the original action, or in an independent action, is for the purpose of setting aside a judgment, such attack is direct.

3. In an action where the service of the summons is made by publication, and the defendant fails to appear and answer, under the provisions of subdivision 1, section 4456, Revised Statutes, the following papers constitute the judgment-roll, to wit: "Summons with the affidavit or proof of service, and the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment."

4. In a collateral attack on the judgment, the want of jurisdiction to render the judgment must appear upon the face of the judgment-roll, otherwise the presumption is in favor of the validity of the judgment.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to quiet title to certain lands. Judgment for the defendant. Plaintiff appealed. *Judgment affirmed.*

Lloyd H. Eriesson, for Appellant, and Eugene O'Neill, *pro se.*

In the case of *Edmond D. Potvin v. William Malanfant,* the affidavit for publication of summons is fatally defective

in failing to state where defendant's residence was, and in showing no effort whatever to find the defendant at that time or to find where he had been. It shows no diligence, states no facts, and gave the court no jurisdiction to make any order and the order itself was fatally defective; hence the judgment in that case was void, a nullity, and may be attacked directly or collaterally. (*Mills v. Smiley,* 9 Idaho, 331, 76 Pac. 783; *Strode v. Strode,* 6 Idaho, 67, 96 Am. St. Rep. 249, 52 Pac. 161; *Beckett v. Cuenin,* 15 Colo. 281, 22 Am. St. Rep. 399, 25 Pac. 167; *Galpin v. Page,* 85 U. S. 350, 21 L. ed. 959.) Exact and strict compliance with the statute for publication of summons is absolutely acquired and enforced by the courts or jurisdiction held not required. (*Harris v. Claflin,* 36 Kan. 543, 13 Pac. 830; *Carnes v. Mitchell,* 82 Iowa, 601, 48 N. W. 941; *Clayton v. Clayton,* 4 Colo. 410; *McCracken v. Flanagan,* 127 N. Y. 493, 24 Am. St. Rep. 481, 28 N. E. 385; *Ricketson v. Richardson,* 26 Cal. 149; *Gilmore v. Lampman,* 86 Minn. 493, 1 Am. St. Rep. 373, 90 N. W. 1113; *Romig v. Gillett,* 10 Okla. 186, 62 Pac. 805; *Rue v. Quinn,* 137 Cal. 651, 66 Pac. 216, 70 Pac. 732.)

Ben F. Tweedy, and Charles L. McDonald, for Respondent.

If the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral. (1 Black on Judgments, sec. 252.)

The primary object in the action at bar was to obtain a decree confirming O'Neill's title to the land in question. Hence, it is a collateral attack on the Potvin judgment.

Regardless of whether or not the steps leading up to the publication of summons and the publication itself was in strict accord with the letter of the statute, the fact remains that a summons was published and that the court held the service to be proper. This finding makes the judgment impregnable against the collateral attack. (*Quarl v. Abbott,* 102 Ind. 233, 52 Am. Rep. 662, 1 N. E. 480, citing *Brown v. Goble,* 97 Ind. 86; *City of Terre Haute v. Beach,* 96 Ind. 143;

*McCormick v. Webster,* 89 Ind. 107; *Oppenheim v. Pittsburg,* 85 Ind. 471; *Stout v. Woods,* 79 Ind. 108; *McAlpine v. Sweetser,* 76 Ind. 78; *Hume v. Conduit,* 76 Ind. 598; *Muncey v. Joest,* 74 Ind. 409; *Morrow v. Weed,* 4 Iowa, 77, 66 Am. Dec. 122; Freeman on Judgments, sec. 126.)

"If there be a notice or publication, or whatever of this nature the law requires in reference to persons or other matters, its sufficiency cannot be questioned collaterally." (*Morrow v. Weed,* 4 Iowa, 77, 66 Am. Dec. 122; *Bonsall v. Insett,* 14 Iowa, 309; *Ballinger v. Tarbell,* 16 Iowa, 491, 85 Am. Dec. 527; *Hendrick v. Whittemore,* 105 Mass. 23; *Cook v. Darling,* 18 Pick. 393; *Finneran v. Leonard,* 7 Allen, 54, 83 Am. Dec. 665; *Wright v. Marsh,* 2 Greene, 94; *Paine v. Mooreland,* 15 Ohio, 436, 45 Am. Dec. 585; *Borden v. State,* 11 Ark. 519, 44 Am. Dec. 217; *Sheldon v. Wright,* 5 N. Y. 497; *Delancy v. Gault,* 30 Pa. St. 65; *Callen v. Ellison,* 13 Ohio St. 446, 82 Am. Dec. 448; *People v. Hagar,* 52 Cal. 171; *Figge v. Rowlan,* 185 Ill. 234, 57 N. E. 195; *Fowler v. Whitman,* 2 Ohio St. 270; *Boswell v. Sharp,* 15 Ohio, 447; *Sloan v. Thompson,* 4 Tex. Civ. App. 419, 23 S. W. 613.)

For the purpose of determining whether a want of jurisdiction is shown by the record, we can look only to the summons, the affidavit of the printer, the complaint, with the default indorsed thereon, and the judgment. (*Hahn v. Kelly,* 34 Cal. 391-404, 94 Am. Dec. 742.)

"It is a well-settled rule that upon collateral attack evidence *aliunde* the record is inadmissible." (*McCormick v. Friedman,* 7 Idaho, 690, 65 Pac. 440; *Ollis v. Orr,* 6 Idaho, 474, 56 Pac. 162; *Haupt v. Sumington,* 27 Mont. 480, 94 Am. St. Rep. 839, 71 Pac. 672; *In re Davis' Estate* (Cal.), 86 Pac. 183; *Welch v. Koch* (Cal.), 88 Pac. 604; *Mesnager v. De Leonis,* 140 Cal. 402, 73 Pac. 1052; *Ketchum v. White,* 72 Iowa, 193, 33 N. W. 627; *Axman v. Dueker,* 45 Kan. 179, 25 Pac. 582.)

Where the property of a nonresident is seized upon under the proper process of the court, such seizure is the basis of the court's jurisdiction, and defects or irregularities in the publication of notice will not render the judgment therein absolutely void, although they might be grounds for reversal

in a direct attack. (*Cooper v. Reynolds,* 10 Wall. (U. S.) 308, 19 L. ed. 931; *Johnson v. Gage,* 57 Mo. 160; *Kane v. McCowen,* 55 Mo. 181; *Simmons v. Missouri Pac. R. Co.,* 19 Mo. App. 542.)

SULLIVAN, J.—This is an action to quiet title to about 157 acres of land, as per government survey, situated in Nez Perce county. Appellant in his complaint claims title, in fee, to said lands and alleges that respondent makes some claim thereto adverse to him, and that such claim is without any right whatever, and prays to have the title thereto quieted in himself. The respondent answered, denying the ownership of said lands in the plaintiff, and avers that respondent is the owner of such land, and for a further answer avers that he obtained title to said land under sale by execution issued in the case of *Edmund D. Potvin v. William Malanfant,* to enforce a judgment rendered in the district court in and for Nez Perce county, which judgment was against Malanfant and in favor of the respondent. After a trial of the cause, judgment was entered in favor of the respondent. A motion for a new trial was overruled and this appeal is from the judgment and order denying the motion for a new trial. The appellant bases his title to said land upon a deed to said premises from Malanfant to the appellant.

The real controversy arises over the validity of the judgment in the case of *Potvin v. Malanfant,* for unless that deed is void the appellant has no title and is not entitled to have the title to said land quieted in himself. Counsel for appellant contend that said judgment was absolutely void by reason of the failure of Potvin in his suit against Malanfant to get service of summons on him by publication as required by law. The first question presented is whether this is a collateral or direct attack on that judgment. This action was instituted to quiet the title to said land in the appellant. That was its ultimate object and purpose, and in order to do that, said judgment in the Malanfant case must be held to be void. This action is clearly a collateral attack on that judgment. In 1 Black on Judgments, section 252, the author

defines a collateral attack as follows: "But if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral and falls within the rule." "Collateral" is used as the antithesis of "direct." To constitute a direct attack upon a judgment, it is said that it is necessary that a proceeding be instituted for that purpose. In said section 252, the author states: "If an appeal is taken from a judgment or writ of error, or if a motion be made to affect or set it aside on account of some alleged irregularity, the attack is obviously direct, the sole object of the proceeding being to deny and disprove the apparent validity of the judgment." The appellant seeks in this action to obtain some other relief than that of setting aside said judgment. The main object is to quiet the title of said land in himself, and although the overturning of that judgment is necessary to his success, it does not make this action any the less a collateral attack upon said judgment.

The next question to be considered is: What record may be used in a collateral attack upon a judgment of this kind? By the provisions of section 4456, it is provided that the judgment-roll in cases where the complaint is not answered, shall be composed of "the summons with the affidavit or proof of service and the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment." That section was adopted from the Code of Civil Procedure, section 670, of California, and in construing that section, the supreme court of California in a number of decisions have held that the judgment-roll in cases like the one at bar under that section of the statute, consists of the summons, the affidavit or proof of service, the complaint with the default indorsed thereon, and a copy of the judgment. (*Hahn v. Kelley,* 34 Cal. 391.) That decision was rendered in 1868 and is reported in 94 Am. Dec., at page 742, and to that is attached an exhaustive note by the learned author, Freeman, which is very instructive, and cites many of the leading de-

cisions that have approved or disapproved of the doctrine laid down in the Hahn-Kelley case. That action, like the one at bar, was an action to quiet title to a tract of land. It appears that the respondent Kelley brought an action in the fifteenth district court for the city and county of San Francisco against William Carey Jones, in which action he obtained judgment and thereafter issued execution thereon to the sheriff, who levied upon the lands in controversy and advertised the same to be sold, and was about to sell the undivided one-quarter of the same as the property of said Jones, when the action of *Hahn v. Kelley* was commenced to quiet his title and restrain the sale. In that action the respondent Kelley answered and when the cause came on for trial, introduced, among other evidence, the decree in the case of *Hawes v. Jones and Brown*, the order of sale, the sale and deed by the sheriff to Jones, and the conveyance to the appellant by the latter, and then rested. The respondents then introduced in evidence, without objection, the remainder of what was claimed to be by them the judgment-roll in that action, which, as claimed by them, showed that an unsuccessful attempt had been made to serve Jones by publication of summons, but in consequence of certain alleged defects said service was a nullity and that the decree was therefore absolutely void. The papers thus introduced in evidence by respondent consisted of the affidavit of plaintiff in that action to procure an order for the service of summons therein on said Jones by the publication of the same, the order of the judge directing the publication of the summons, the affidavit of the publisher of the paper in which said summons was published, and an affidavit showing that said summons had personally been served on said Jones in Washington, D. C. The affidavit of the plaintiff and the order for the publication of the summons were objected to as irrelevant and incompetent because they constituted no part of the judgment-roll in that action. It will be observed from that statement of facts that the rule of law applicable to that case ought to apply to the question under consideration in this case. In that case the court held, that in a collateral attack on a judgment, only

such facts and circumstances can be shown or relied on in support of such attack as affirmatively appear on the face of the record or what under the law constitute the judgment-roll. So in a collateral attack on a judgment under our law, the only evidence that is admissible in support of such attack is the judgment-roll, and if that shows on its face the court had no jurisdiction to try the cause, the judgment is absolutely void.

The case of *Hahn v. Kelley, supra,* has been very extensively cited, not only by the supreme court of California, but·by the courts of many other states, and the rule laid down in that case has to some extent been modified or overruled by subsequent decisions of national and state courts. Mr. Freeman says in the note referred to that the first case in which the doctrines of the principal case were called in question is -*Galpin v. Page,* 3 Saw. 93, Fed. Cas. No. 5206. Mr. Justice Field delivered the opinion in that case sitting as presiding judge of the United States circuit court for the ninth circuit. In the course of that opinion it is. said: "The first position (referring to *Hahn v. Kelley*), that when a judgment of a court of general jurisdiction is produced in evidence, it can only be collaterally attacked for matters apparent upon its record, and that, in the absence of such matters, the jurisdiction of the court must be conclusively presumed, is, with certain qualifications and exceptions, undoubtedly correct. These qualifications and exceptions arise where the proceedings, or the parties against whom they are taken, are without. the ordinary jurisdiction of the court and can only be brought within it by pursuing special statutory provisions." The learned justice, referring to the statute of California allowing constructive or substituted service, said: "The validity of the statute can only be sustained by restricting its application to cases where, in connection with the process against the person, property in the state is brought under the control of the court, and subjected to its judgment, or where the judgment is sought simply as a means of reaching such property or affecting some interest therein, or to cases where the action relates to the personal status of the plaintiff in the

state." After pointing out the mischief which would arise from permitting citizens of one state to come into another state and recover personal judgments upon service of summons by publication against citizens of different states, he concluded as follows: "We do not think it within the competency of the legislature to invest its tribunal with authority having any such reach or force; certainly no presumption in favor of their jurisdiction can arise when a judgment of this character is produced against a nonresident who has never been within the state, and did not appear to the action." And on further reasoning he comes to the conclusion that the statute of California prescribing what the judgment-roll should contain, properly construed, required full proof of the jurisdictional facts to be incorporated into the judgment-roll, but further states that the courts of the United States are bound to accept as correct the construction of the state statute given by the state courts, and the construction in the *Hahn-Kelley* case was that the judgment-roll did not contain the affidavit and order for publication of summons. That opinion is very instructive and exhaustive on the question under consideration. But the legislature of the state of California has failed to amend section 670 of the Code of Civil Procedure of that state and require the judgment-roll in such cases as that of *Hahn v. Kelley* to contain the affidavit on application for order to publish summons and the order made therein, in addition to the papers now required by the provisions of said section. But the affidavit made for such order and the order are not required by the provisions of said statute to be made a part of the judgment-roll, and this court has not the authority to amend that statute in that or in any manner. After Mr. Justice Field's said decision in *Galpin v. Page, supra,* the supreme court of California in *Belcher v. Chambers,* 53 Cal. 635, referring to the case of *Galpin v. Page,* 18 Wall. 336, 21 L. ed. 959, said: "When the question upon which the judgment of this court depends is such as may be re-examined on a writ of error by the supreme court of the United States, we will follow the rule laid down by the supreme court of the United States." And it is stated in the syllabus of that case:

by the reporter that *Hahn v. Kelley,* 34 Cal. 391, 94 Am. Dec. 742, is overruled. We think the reporter misapprehended the effect of that decision, for in *Estate of Newman,* 75 Cal. 213, 7 Am. St. Rep. 146, 16 Pac. 887, the court held that the affidavits of service of summons by publication against a nonresident defendant in an action for a divorce and recitals thereof in the judgment are conclusive upon a collateral attack, and that affidavits on the application for the order of publication and the order thereof are no part of the judgment-roll and cannot be considered. The court said: "The affidavits of service and the recitals in the judgment are conclusive. The affidavit on the application for an order of publication, and the order of publication, cannot be considered; they are no part of the judgment-roll." The court there also declares that the case of *Belcher v. Chambers,* 53 Cal. 635, is not in point and says: "In that case as in *Pennoyer v. Neff, supra,* the judgment considered was a personal judgment against the nonresident without personal service of process. So far as the rule established in *Hahn v. Kelley, supra,* is applicable to proceedings *in rem,* it has not been overruled. The judgment referred to in that case was for money—the deficiency after foreclosure and sale."

In the Malanfant case, the question of a personal judgment was not involved, at least to no greater extent than the value of the real estate attached in that action was concerned, which real estate was within the jurisdiction of the district court which tried that action. If service of summons is made by publication in an action where the defendant is not a resident of the state, and he has no property within the state, on the authority of *Pennoyer v. Neff,* 95 U. S. 714, 24 L. ed. 565, and *Galpin v. Page,* 3 Saw. 93, Fed. Cas. No. 5206, and decisions along that line, the judgment would be absolutely void because a personal money judgment cannot be legally obtained on constructive service of summons—service by publication. And if it appears on the face of the judgment-roll that a personal judgment has been rendered against a nonresident who had no property in the state, such judgment is absolutely void under the decisions above cited.

In the Malanfant case, the land in question was within the jurisdiction of the court that tried the case, and the judgment-roll in that case shows that that court acquired jurisdiction sufficient of the person of the defendant to subject the land owned by him and held under an attachment to the processes of that court.

The legislature of this state has seen fit to adopt said section 4456, Revised Statutes, from the practice act of California, which was done after the supreme court of California had construed the provisions of that section, and the general rule is that one state adopting the provisions of the statute of another state adopts with it the constructions placed upon it by the supreme court of the state from which it is adopted; and further than that, it seems to me that the language of that section is too plain to require construction. It provides that the following papers shall constitute the judgment-roll, to wit: "In case the complaint be not answered by any defendant, the summons with the affidavit or proof of service and the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment." The specific papers are therein named that go to make up the judgment-roll, and if the legislature had intended that the affidavit for the order of publication and the order of publication should be contained in such roll, it certainly would have named them.

Counsel for appellant contend that this court in *Strode v. Strode*, 6 Idaho, 67, 96 Am. St. Rep. 249, 52 Pac. 161, held that the affidavit and order for publication of summons was a part of the judgment-roll. In that case the question was not raised as to what constituted the judgment-roll, and the record contains the affidavit of the publisher of the newspaper named in the order for publication, stating the time that the *alias* summons was published. The record failed to show that a copy of the summons and complaint had been sent to the defendant as required by law, and the main point in that case was that the proof of service of summons failed to show that a copy of the summons and complaint were mailed to the

defendant as required by law. The controlling question in that case was the failure of the judgment-roll to show the proper service of summons on the defendant. It failed to show that a copy of the summons and complaint had been mailed to the defendant at his last known place of residence, or at all.

The case of *Mills v. Smiley*, 9 Idaho, 325, 76 Pac. 783, is cited by counsel for appellant as sustaining the position that the judgment-roll must contain the affidavit on the application for an order for publication of summons, and the order of the judge made thereon. That case was an appeal from an order made by the court denying the motion to set aside a writ of assistance in that action. The original action was brought to foreclose a mortgage, and the decree foreclosing the mortgage and ordering the sale of the mortgaged property was entered, and thereafter the court granted a writ of assistance in said action against Smiley. Smiley thereafter made application to have the order granting said writ of assistance set aside and the court denied the application and the appeal was from such order of denial. The trial court in passing upon that question had before it the record containing the affidavit on the application for the order directing publication of summons, and the order directing such publication. When the case was brought to this court on appeal, that record was brought here and this court reviewed that record and considered the case as a direct attack upon that judgment, and not collateral, for the reason that the application for the writ of assistance had been made in that action and was an order made in that action after final judgment. In that view of the case, the court considered the sufficiency of the said affidavit and order. The court therefore passed upon that case as being a direct attack upon the judgment, and for that reason it is not an authority in the case at bar.

We therefore conclude that this action is a collateral attack on the judgment of a court of general jurisdiction. That being true, the fact that the judgment is void must appear

upon the face of the record; that the record consists of the judgment-roll, and in the Malanfant case, the defendant was a nonresident of the state; service of summons was had by publication; that the judgment-roll in that case consisted of summons with the affidavit or proof of service and the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment; and on the face of that roll, it does appear that the court had jurisdiction. The judgment must therefore be affirmed, with costs in favor of the respondent.

AILSHIE, C. J., Concurring.—In concurring in the conclusion reached in this case, I think it best that I state the specific grounds on which I base my concurrence. Section 4456, Revised Statutes, was taken from the California code (Deering's Code of Civil Procedure, section 670) and adopted literally into our code of laws. At the time of and prior to its adoption here, the supreme court of California held that the affidavit and order for publication of summons were not a part of the judgment-roll and had no place therein. (See cases in main opinion.) Under the general rule governing the construction of a statute adopted from another state where it had already been construed, I feel constrained to concur in the opinion of Justice Sullivan. In *Stein v. Morrison*, 9 Idaho, 426, 75 Pac. 246, this court held that "When a statutory or constitutional provision is adopted from another state, where the courts of that state have placed a construction upon the language of such statute or constitution, it is to be presumed that it was taken in view of such judicial interpretation, and with the purpose of adopting the language as the same had been interpreted and construed by the courts of the state from which it was taken." Personally, I do not think the statute even meant what the California court has said it meant. When the legislature said that "in case a complaint be not answered by any defendant," the judgment-roll shall contain "the summons with the affidavit or proof of service," it never, in my judgment, intended that

the affidavits of a printer and of mailing should constitute "proof of service." Service may be made by the sheriff and his certificate to that effect indorsed on the summons is "proof of service" (Rev. Stats., sec. 4143), or it may be made by "any person over the age of eighteen years not a party to the action," but in the latter case, proof of service is made by affidavit. (Sec. 4143.) This is proof of *personal* service. On the other hand, constructive service cannot be made until certain conditions precedent are shown to exist; a printer's affidavit alone in the judgment-roll is no *proof* at all that the case is one where constructive service might be made, and therefore falls short of "proof of service." In such case, it seems to me that in any reasonable view of the law, the affidavit and order for publication are necessary and essential to constitute "proof of service"' in this unusual and extraordinary manner, where a defendant is at most only given a constructive notice. I yield, however, my personal views to the construction that has been placed on this statute for so many years, but I now voice the hope that the legislature may so amend section 4456, Revised Statutes, as to specifically require the affidavit and order for publication to hereafter be made a part of the judgment-roll in cases where the defendant makes no appearance.

## ON PETITION FOR REHEARING.

### (January 22, 1908.)

Per CURIAM.—A petition for a rehearing has been filed herein, and the main contention is that the judgment-roll in the case of *Potvin v. Malanfant* shows that the court never acquired jurisdiction to enter judgment in that action, and counsel contends that the affidavit and order for service of summons by publication are before the court and ought to be considered.

It is true the affidavit and order for service of summons by publication are contained in the record, but under our statute are no part of the transcript on appeal, and for that

reason this court cannot consider them. As stated in the opinion in this case, the judgment-roll in cases where the complaint is not answered consists of the summons with the affidavit or proof of service, and the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment.

On the trial of this case only the judgment-roll in the case of *Potvin v. Malanfant* could be legally admitted as evidence as to the jurisdiction of the court to enter judgment in that case, and if the judgment-roll in that case contained papers not constituting a part of the judgment-roll, that court could not legally consider them nor could such papers be considered on appeal by this court. Section 4148, Revised Statutes, provides how the proof of service of summons and complaint must be made, and is as follows:

"Proof of service of summons and complaint must be as follows:

"1. If served by the sheriff, his certificate thereof;

"2. If by any other person, his affidavit thereof; or

"3. In case of publication, the affidavit of the printer, or his foreman or principal clerk, showing the same; and an affidavit of a deposit of a copy of the summons in the postoffice if the same has been deposited; or

"4. The written admission of the defendant. In case of service otherwise than by publication, the certificate or affidavit must state the time and place of service."

It will be observed that the third paragraph of said section applies to the proof of service of summons when the service has been made by publication, and it is there provided that the proof of such service is the affidavit of the printer or his foreman or principal clerk, showing the same, and an affidavit of the deposit of a copy of the summons in the postoffice, if the same has been deposited. As the statute provides just what the proof of service consists of, this court is not empowered to amend that section, and hold that the proof of service of summons by publication shall consist of the affidavit and order for the publication of summons, in addition to the affidavits provided for in said section.

It appears to us that the provisions of said section make it too clear to admit of any controversy as to just what papers the proof of service of summons by publication consists of. As no change could result in the opinion heretofore filed by granting a rehearing, a rehearing is denied.