(No. 7133. January 25, 1944.)

CATHERINE A. CAIN, surviving widow, on her own behalf and on behalf of all other dependents of Donald E. Cain, deceased, Respondents, v. C. C. ANDERSON COMPANY OF CALDWELL, a corporation, employer, and IDAHO COMPENSATION COMPANY, surety, Appellants.

[145 Pac. (2d) 483.]

Spencer Nelson for appellants.

E. B. Smith and Robert I. Troxell for respondents.

HOLDEN, C.J.—January 10, 1942, Donald. E. Cain (the then husband of Catherine A. Cain), at that time employed by appellant C. C..Anderson Company, sustained a personal injury by accident arising out of and in the course of his employment by said appellant, from the effects of which he died almost immediately. Thereafter, respondent, Catherine A. Cain, filed a claim for compensation on her own behalf and in behalf of certain minor children, with the Industrial Accident Board of the State of Idaho. June 19, 1942, after appropriate proceedings, the Board made and entered findings of fact, rulings of law and award whereby it awarded compensation to respondent Catherine A. Cain and to the minor children of said respondent and the said Donald E. Cain, deceased. Following the making of said award appellants prosecuted an appeal from said award to this court, which resulted in an affirmance of the award (64 Ida. 389, 133 P. (2d) 723). Thereafter, April 22, 1943, the Industrial Accident Board duly certified said award made and entered June 19, 1942, as aforesaid. May 17, 1943, respondent in her own behalf and in behalf of the dependents of the said Donald E. Cain, deceased, filed in the District Court of the Seventh Judicial District of the State of Idaho in and for the County of Canyon, a petition, together with a certified copy of the award of the Industrial Accident Board, dated June 19, 1942, as aforesaid, praying judgment against appellants for the sum of $1,045.00 (compensation benefits granted by the said award of the Board, made June 19, 1942, as aforesaid), together with interest thereon to and including May 15, 1943. May 17, 1943, judgment in favor of respondent and said dependents and against said appellants was entered in said district court on said certified copy of said award. June 26, 1943, the said C. C. Anderson Company and the said Idaho Compensation Company filed and served notice of appeal from said judgment. September 30, 1943, respondent moved to dismiss said appeal.

The motion presents the question as to whether an appeal lies from the judgment.

Sec. 43-1410, I.C.A., provides:

"[43-1410.] Enforcement of award.—Any party in interest may file in the district court for the county in which the injury occurred, if such injury occurred within the

state, otherwise in the district court for the county where the employer resides, a certified copy of a decision of the board awarding compensation from which no appeal has been taken within the time allowed therefor, or a certified copy of a memorandum of agreement, approved by the board, whereupon said court shall, without notice, render a decree or judgment in accordance therewith, and notify the parties thereof. Such decree or judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said decree or judgment had been rendered in a suit duly heard and determined by said court, and shall with like effect be entered and docketed, *except that there shall be no appeal therefrom,* and the same shall not constitute a lien upon the real property of the employer unless execution be levied thereon." (Emphasis ours.)

Discussing and interpreting the above quoted section, this court in *Ybaibarriaga v. Farmer,* 39 Ida. 361, 371, 228 P. 227, said:

"It will be observed from a reading thereof, and in connection with other provisions of the law relating to appeals from the board to the district court, that it applies only in cases where no appeal has been taken, and is only *intended to confer power on the district court to enforce an award of said board* where the aggrieved party has failed to avail himself of the right of appeal as provided in other sections of the act." (Emphasis ours.)

And in the very recent case of *Kelley v. Prouty,* 52 Ida. 743, 744, 745, 746, 19 P. (2d) 1061, the identical question presented on this motion was presented to us for determination. In that case, as in this, judgment was rendered and entered in the district court based upon a certified copy of an award of the Industrial Accident Board. After quoting sec. 43-1410, supra, we said:

"It will be observed it is provided that a decree or judgment rendered upon a certified copy of a decision of the Industrial Accident Board shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said decree or judgment had been rendered in a suit duly heard and determined by the court, and shall with like effect be entered and docketed, *except that there shall be no appeal therefrom.*

"Section 9, article 5, of the state Constitution provides:

'The supreme court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof.' Section 13, article 5, of our Constitution, provides: 'The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a co-ordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this constitution.'

"Section 13, *supra,* does not confer an absolute right of appeal, and under that section the cases and matters in which appeals might be prosecuted and also the practice and procedure were left to the legislature, and if it should see fit not to provide any method of appeal or should provide that appeals could not be had, the legislative conclusion and decision would be final and conclusive. In other words, the right to appeal is purely statutory. (Citing cases.)

"It being well settled that appeals are purely statutory and that the legislature may provide or deny the right of appeal, and the legislature, in the proper exercise of its legislative power, having expressly denied the right to appeal, it necessarily follows that no appeal lies, either directly or from an order denying a motion for a new trial, from any judgment or decree rendered and entered under I.C.A., sec. 43-1410, *supra.*"

It follows an appeal is not the correct method of attacking a judgment entered in a district court upon a certified copy of an award of the Industrial Accident Board.

Motion to dismiss appeal granted and appeal dismissed.

Ailshie, Budge, Givens and Dunlap, JJ., concur.