169 P.2d 505

**CAIN v. C. C. ANDERSON CO. OF
CALDWELL et al.**

No. 7268.

Supreme Court of Idaho.

May 28, 1946.

2

E. B. Smith, of Boise, and Robert I. Troxell, of Caldwell, for respondent.

Whitla & Knudson, of Coeur d'Alene, and George Donart, of Weiser, for appellants.

MILLER, Justice.

June 19, 1942, the Industrial Accident Board of the state of Idaho made its findings of fact, rules of law and an award in favor of Catherine A. Cain, surviving widow, on her own behalf and on behalf of all other dependents, of Donald E. Cain, deceased, said dependents being Robert Allen Cain and an expected posthumous child, and against the defendants C. C. Anderson Company of Caldwell, Idaho, employer, and the Idaho Compensation Company, surety. Payments on account of said award were to commence as of January 10, 1942, the date of the accidental death of Donald E. Cain, which arose out of and in the course of his employment with the defendant C. C. Anderson Company of Caldwell, Idaho.

An appeal to this court from the award of the Industrial Accident Board was taken by defendants and appellants and, after due hearing had, the award of the Industrial Accident Board was affirmed, and on February 18, 1943, the decision of this court, reported in 64 Idaho 389, 133 P.2d 723, became final. The award of the Industrial Accident Board made no provision for interest on deferred weekly principal payments. The decision of this court affirmed the award of the Industrial Accident Board, as follows: "Award of Industrial Accident Board should be and the same is hereby affirmed". It will be observed that this court neither increased nor diminished, took from nor added to said award, but left it just as it found it, and silent as to payment of interest.

May 17, 1943, Catherine A. Cain, claimant and respondent, in her own behalf and in behalf of the dependents of Donald E. Cain, deceased, filed a petition, together with certified copy of the award, in the district court of the seventh judicial district of Idaho, in and for the county of Canyon, purportedly under the provisions of Section 43-1410 and 43-1412, Idaho Code Annotated, in which it was asserted that defendants and appellants had failed, neglected and refused to pay anything whatever on said award although demands so to do had been made from time to time, and also praying that judgment be entered on said award, together with interest on the whole amount of the judgment of the court at seven per cent per annum from the date of the award by the Industrial Accident Board to the date of payment. On the said 17th day of May, 1943, the judge of the aforementioned district court, upon a consideration of said petition, certified copy of the award and decision of this court, which, among other things, made, ordered, adjudged and decreed as follows: "It is further ordered, adjudged and decreed, And this does order, adjudge and decree that the defendants, C. C. Anderson Company of Caldwell, a corporation, employer, and Ida-

ho Compensation Company, surety, and each of them, pay interest to the parties hereto, named in this judgment, on the whole amount of the judgment of the Supreme Court of the state of Idaho affirming the award of the Industrial Accident Board, at the rate of 7 per cent per annum from the date of award by the Board to date of payment, that is to say, interest shall be paid on each such compensation installment provided by said award and this judgment to be paid at the rate of 7 per cent per annum from June 19, 1942, the date of said award, to the date each such compensation installment shall be paid, as provided by Idaho Code Annotated, Section 43-1412."

June 27, 1943, defendants and appellants filed and served notice of appeal from the said judgment of the district court. September 30, 1943, claimant and respondent moved to dismiss said appeal. January 25, 1944, this court, after quoting Section 43-1410, supra, and citing authorities, in the case of Cain et al. v. C. C. Anderson Company, 65 Idaho 443, 145 P.2d 483, granted the motion to dismiss and dismissed the appeal. It will be noted that the provision for a decree or judgment of the district court, upon filing a petition and certified copy of the decision of the Industrial Accident Board awarding compensation, is available in those instances where no appeal has been taken within the time allowed therefor, that is, thirty days. Section 43-1410, supra, was enacted as a part of the original act in 1917

and was last amended by Chapter 217, Session Laws 1921. The amendment to Section 9, Article V of the Constitution, was ratified at the general election November 3, 1936, and the legislature provided for appeal from orders of the Industrial Accident Board by Chapter 175, Session Laws 1937. It will likewise be noted that defendants and appellants immediately appealed to this court from the award of the Industrial Accident Board. The primary object of said statute (Section 43-1410, supra) was to afford the interested party awarded compensation a means of enforcing payment of the award when no appeal had been taken within the time allowed therefor. Furthermore, said statute also provides that there shall be no appeal from the judgment of the district court, made and entered upon filing a petition and certified copy of an award. Until the constitutional amendment and the amendment of Section 43-1408, supra, in 1937, c. 175, § 2, all appeals from an award of the Industrial Accident Board were to the district court and either party could then appeal to the Supreme Court, if so desired. Any action on an appeal to the Supreme Court would affect the judgment of the district court. Since the aforementioned amendment, however, and when appeal is taken direct to the Supreme Court, it still becomes necessary to petition the district court for a judgment in order to secure the issuance of execution for levying upon the property of the employer or surety in the event they,

or either of them, neglect, fail or refuse to pay the award.

April 23, 1945, the defendants and appellants filed notice of motion, motion and affidavit, in which motion it was sought to have that part of the judgment of the district court dated May 17, 1943 (copy of which is heretofore quoted), vacated and set aside, in that the district court in entering that portion of said judgment acted wholly without jurisdiction and that the same is void. Claimant and respondent filed an answer to defendants' motion to vacate said portion of said judgment, supported by affidavit, and at the same time filed a motion for an order denying defendants' motion to vacate and set aside a portion of the judgment of May 17, 1943. July 20, 1945, the district court ordered, adjudged and decreed that the defendants' motion to vacate and set aside a portion of the judgment of May 17, 1943, be and the same was denied and held for naught, and claimant's motion for an order denying defendants' motion was granted. August 7, 1945, defendants and appellants filed notice of appeal to this court from the order of July 20, 1945, denying the motion to vacate and set aside a portion of the judgment of May 17, 1943. October 9, 1945, the claimant and respondent filed in this court notice of motion and motion to dismiss defendants' and appellants' appeal from the order of the district court of July 20, 1945, and said motion came on for hearing January 24, 1946, was assigned for determination and later a min-

ute entry in this court was made and entered, postponing decision thereon until said case came on for hearing on the merits. It will, therefore, be observed that two appeals are embodied in this opinion.

Appellants' motion (ff. 80–85) to vacate and set aside a portion of the judgment of the district court dated May 17, 1943, and which was filed April 23, 1945, contends, after quoting the portion of said judgment sought to be vacated, that it was entered without jurisdiction on the part of the trial court in that said court could not make an award different from that of the Industrial Accident Board and, "That the court in attempting to include the above quoted paragraph in said judgment acted wholly without jurisdiction, and that the provisions contained in said paragraph, in its entirety, are therefore void."

In respondents' motion to dismiss the appeal of August 7, 1945, paragraph V, it is said: "That appellants' purported and pretended appeal herein, in its application at bar (Case No. 7268), is a proceeding unauthorized and expressly prohibited by the Workmen's Compensation Law, especially by Idaho Code Annotated, Section 43-902, 43-1413, and 43-1410, and cannot be urged or made use of in review proceedings, or indirectly as an appeal, or otherwise". It is also urged in said motion that the appeal from the order denying motion to vacate and set aside a portion of the judgment, dated May 17, 1943, and filed July 20, 1945, is a mere subterfuge and taken for delay,

that such attempted appeal is a nullity and that this court is without jurisdiction to entertain the same, and prays that said appeal be dismissed.

■ We think there is no merit in the contention that an appeal from an order denying a motion to vacate and set aside a judgment void in whole or in part cannot be made at any time. The order appealed from is an order made after judgment refusing to vacate such judgment or a portion thereof. Section 11-201, I.C.A.

In the case of Occidental Life Insurance Co. v. Niendorf, 55 Idaho 521, 44 P.2d 1099, 1101, it is said: "It has been held by this court and indeed the doctrine is universal that 'courts of record' have inherent power 'to vacate their judgments, void upon the face of the judgment roll, upon motion of a party, or its own motion, at any time.'" See authorities cited, including Baldwin v. Anderson, 51 Idaho 614, 615, 8 P.2d 461.

In the case of McHan v. McHan, 59 Idaho 496, 506, 84 P.2d 984, 988, it is said: "A motion to vacate a judgment void in whole or in part may be made at any time. Shumake v. Shumake, 17 Idaho 649, 107 P. 42; Backman v. Douglas, supra [46 Idaho 671, 270 P. 618]; Angel v. Mellen, supra [48 Idaho 750, 285 P. 461]; Gile v. Wood, supra [32 Idaho 752, 188 P. 36]."

The motion to dismiss the appeal is denied.

■ The primary question, as it occurs to me, is whether the district judge of Canyon County was authorized, under the provisions of Section 43-1412, I.C.A., or otherwise, to include within the judgment of May 17, 1943, interest on installment payments, due at a future date, and the payment of which installments had never been and were not in arrears.

Section 43-1412, I.C.A., as applicable, is as follows: "Whenever any question involving compensation of an injured employee, or his dependents, is appealed to the district or Supreme Court by the employer and the appellate court finds in favor of the employee in an amount equal to or greater than the award of the board, then the employer shall pay interest on the whole amount of the judgment of the court at seven per cent per annum from the date of award by the board to date of payment but if the award of the board is reduced then the employer shall not be required to pay interest on any amount for any time prior to the date of final judgment of the court."

The above section was originally enacted as C.S. § 6272A, being Section 15 of Chapter 217, S.L. 1921.

The record shows (ff. 56–58) a stipulation and partial satisfaction of judgment, filed May 21, 1943. It appears therein that certain drafts made by the surety are returned by the claimant, and that in their place there is issued to claimant a draft in the sum of $1117.78, being $1045 principal sum of compensation benefits accrued as of May 15, 1943, plus $6.75 costs and $66.03

interest accrued as of May 15, 1943. Also stated therein is the following: "It is further agreed that the surety is offering to make future payments at regular intervals when due to the amount of $12.00 per week in accordance with the award of the Industrial Accident Board and without interest; whereas, claimant is refusing to accept such payments unless accompanied by the payment of interest at the rate of seven per cent per annum on each $12.00 installment of compensation figured from June 19, 1942, the date of the award of the Board, and as provided by the judgment of the court in the above entitled cause, entered May 17, 1943."

It is evident from the above that interest on the amount awarded and as affirmed by the Supreme Court, being in the sum of $66.03, was paid up to May 15, 1943. Appellants contend that subsequent installment payments would bear no interest if paid when due.

Under the provisions of Section 43-1412, supra, it is definitely disclosed when the interest therein provided commences, being the date of the award, but it is somewhat difficult to determine just when such interest ceases. The language of said section as to payment of interest is, "from the date of award by the board to date of payment." Accordingly, "to date of payment" is what period of time when applied to interest payment on weekly installments with which we are now confronted. The respondent contends that interest is payable on all weekly installment payments, regardless of their due dates, and even though such installments were never in arrears, while appellant contends that interest on all installment payments from date of award to May 15, 1943, have been paid, and that the statute does not contemplate the payment of interest on installment payments not in arrears. We find no cases in this jurisdiction directly in point on the subject of interest payments, and this is a first impression case in this state on said subject. The case having the matter more nearly under consideration, that is, the application of the payment of interest, is Jenkins v. Boise Payette Lumber Co., 49 Idaho 24, 287 P. 202, 205, where on rehearing it is said: "The previous opinion is modified to this effect: The judgment is reversed and the cause remanded with instructions to the district court to enter judgment in favor of appellant Jenkins for compensation at the rate of $16 per week for 400 weeks, less 128 weeks, interest to be paid thereon in conformity with 1921 Sess.Laws, § 6272A, p. 480." See, also, Johnston v. White Lumber Co., 37 Idaho 617, 624, 217 P. 979.

Counsel for respondent has repeatedly cited State Insurance Fund v. Hunt, 52 Idaho 639, 644, 17 P.2d 354, Haines v. State Insurance Fund, 65 Idaho 450, 145 P.2d 833, and Cain v. C. C. Anderson Company, et al., 65 Idaho 443, 145 P.2d 483, on the right of the district court to impose interest on past-due installment payments and on install-

ment payments as they mature or become due. We mention the above for the reason that we are unable to find that said authorities have any direct connection with the question herein involved, that is, the application of interest as provided in Section 43-1412, supra, on installment payments not due and never in arrears.

In construing Section 43-1412, supra, it appears that interest is computable and payable on any and all installment payments then in arrears, but that no interest is computable or payable on any installment payments not then due, or in arrears at the time such installment payments are actually paid. In this case the district judge had no authority under said statute, or otherwise, to make and enter a judgment different in amount than that adjudged by the Supreme Court on the appeal thereto by the appellants.

In the case of State ex rel. Johnson Hardware Co. v. District Court, 145 Minn. 444, 177 N.W. 644, it is said: "The court also allowed interest on the monthly payments to be made in the future. We find no warrant in the law for allowing interest, before they became due, on installments which by the terms of the law are payable in the future."

The above, however, is under the general statutory law, as Minnesota has no law providing for interest under Workmen's Compensation Law (Minn.St. 1927, §§ 4269, 7036).

Section 26-1904, I.C.A., provides: "When there is no express contract in writing * * * interest is allowed at the rate of seven cents on the hundred by the year on: * * * 2. Money after the same becomes due."

In the case of Brown v. City of Pipestone, 186 Minn. 540, 245 N.W. 145, it is said:

"The sole question raised by this appeal is whether or not unpaid installments of compensation bear interest at the legal rate from the date when under the provisions of the Compensation Act they should have been paid.

"Section 4269, Mason's Minn.Stats.1927, makes it the duty of the employer to commence payment of compensation without the necessity of an agreement or order. Compensation in this state is a liability arising out of the contract of employment, and the Compensation Act becomes a part of every contract of employment. (Citing cases.) The Compensation Act makes no mention of interest in the case of delay of payment, but section 7036 Mason's Minn. Stats., 1927, imposes interest at six per cent, as damages for failure to pay a debt when due.

"Here was a contract debt due at the times when the compensation installments should have been paid under the provisions of the act, and we see no reason why it should not, like any other debt, bear interest at the legal rate when it is subsequently decided that the debt existed. The Iowa

Workmen's Compensation Act, like our own, makes no provision for interest, but the Supreme Court of that state has held that the general statutory provision for interest on past-due indebtedness is applicable to past-due installments under the Compensation Act. Nester v. Korn Baking Co., 194 Iowa 1270, 190 N.W. 949."

In construing Section 23, Chapter 586, page 851, 1917 Statutes, Workmen's Compensation Insurance and Safety Act (now Section 5811, California's Labor Code), the Supreme Court of California, in the case of Pacific Indemnity Company v. Industrial Accident Commission, 202 Cal. 521, 261 P. 987, 989, held:

"Petitioner takes further exception to that portion of the award ordering interest thereon. The order is as follows:

" 'It is hereby ordered that all payments herein awarded shall bear interest at the rate of 7 per cent. per annum until paid, beginning with the date of this award, or the date thereafter at which payments become due.'

"The power of the commission to include interest on an award is contained in Section 23 of the Workmen's Compensation Act (St.1917, p. 851). After providing for costs in the discretion of the commission, that section provides as follows:

" '* * * And the commission may, in its discretion, where payments of compensation have been unreasonably delayed, allow the beneficiary thereof interest thereon, at not to exceed one and one-half per cent. per month, during such period of delay.'

"There was no finding that payments of compensation had been unreasonably or at all delayed. The commission attempts to justify the order by saying that:

" 'If there have been no payments of compensation unreasonably delayed, then logically petitioner has not been called upon to pay any interest. If petitioner is not compelled to pay any interest, it has no complaint.'

"The difficulty with this contention on the part of the commission is that the order provides for interest on the award 'beginning with the date of the award, or the time thereafter at which payments become due.' The order is ambiguous, but in any way it is read *all* of the payments would begin to bear interest either at the date of the award or upon the due date of any payment. In any event, the order provides for interest on payments not yet due. We find no authority for the order. The power to award interest is statutory and as the condition named in the statute as a prerequisite to the award of interest, viz., an unreasonable delay in payment, is unfulfilled this portion of the award must be annulled. * * * The award of compensation is affirmed. The order providing for interest on payments of the award is annulled." See London Guarantee & Accident Co., Ltd. v. Industrial Accident Commission, 92 Cal.App. 298, 268 P. 670.

Since the entry of the judgment of May 17, 1943, Section 43-1412, supra, has been amended so that no subsequent case will arise under its provisions, Laws 1945, c. 119, and it therefore becomes unnecessary to pass on questions other than those herein decided, the order denying the motion to vacate and set aside a portion of the judgment of May 17, 1943, is overruled and the case is remanded to the district court with directions to grant the motion to vacate and set aside a portion of said judgment. No costs awarded.

BUDGE, GIVENS and HOLDEN, JJ., concur.

AILSHIE, C. J., did not sit at the hearing or participate in the decision.