175 P.2d 698

### HARTENBOWER v. MUTUAL BEN. LIFE INS. CO. et al.

#### No. 7319.

Supreme Court of Idaho.

Dec. 28, 1946.

Delana & Delana, of Boise, for appellant.

Dunlap & Dunlap and Mary Schmitt, all of Caldwell, for respondent.

MILLER, Justice.

This action was commenced May 1, 1945, to require the appellant, Harold H. Hartenbower, to produce a certain policy of insurance issued on the life of appellant July 26, 1922, in the sum of $3,000, by The Mutual Benefit Life Insurance Company, having a branch office at Salt Lake City, Utah, and numbered 1,052,356, and to surrender the same to Luella Hartenbower, respondent, or to show to the trial court that said policy had been lost, and in the event said policy had been lost, that the trial court so order, adjudge and decree. The complaint also seeks to have The Mutual Benefit Life Insurance Company pay to respondent the cash surrender value of said policy of insurance. The Mutual Benefit Life Insurance Company made no appearance and its default was duly and regularly entered.

The necessity for this action grows out of the following facts and circumstances. August 8, 1920, the respondent and appellant intermarried at Pocatello and subsequently established their residence and home at Caldwell, Idaho. May 16, 1944, respondent as plaintiff instituted an action for divorce against appellant as defendant in the Third Judicial District of Idaho, in and for Owyhee County. The complaint alleged extreme cruelty, listed various items of real and personal property as the community property of the parties, among which is "one $3,000.00 life insurance policy

in The Mutual Benefit Insurance Company of Salt Lake City, Utah, in the name of Harold H. Hartenbower." The complaint prayed that all the community property be awarded respondent, and an order was made and served that appellant be restrained from disposing of or dealing with the community property pending adjudication of the rights of the parties. At the time of filing the complaint, Hartenbower, the defendant, was working at Klamath Falls, Oregon. Mrs. Hartenbower made application for and secured an order that personal service be made outside the state, and service of the summons, together with a copy of the complaint and restraining order, was made upon Hartenbower, as defendant, at Klamath Falls, Oregon. The summons recites that "This action was brought for the purpose of securing a divorce on the grounds of mental cruelty as set forth in the complaint herein on file to which reference is hereby made for further particulars." The affidavit of service shows that a copy of the complaint was attached to the copy of summons served May 23, 1944. The order to show cause for temporary restraint was issued in said action May 15, 1944, and was personally served with the summons and copy of complaint on the defendant May 23, 1944, at Klamath Falls, Oregon. October 7, 1944, a judgment and decree was made and filed, the default of the defendant having been entered. In the decree, the property described and designated in the complaint, as well as thirty-four $25 United States, Series "E," Government Bonds, and "All the community interest in and to one certain life insurance policy by the Mutual Benefit Life Insurance Company of Salt Lake City, Utah, in the name of Harold H. Hartenbower," was adjudged and decreed as community property and was awarded to the plaintiff, Luella Hartenbower.

In the instant case, the defendant, Hartenbower, filed and served an answer to plaintiff's complaint, a further and separate answer and defense and a cross-complaint, to which is attached all of the pleadings and papers on file in the divorce proceeding, and which are marked as Exhibits "A" to "I," inclusive. Demurrers to the answer, the separate answer and the cross-complaint were filed and sustained as to the separate answer and the cross-complaint. The defendant submitted no testimony at the trial. On the trial the aforementioned policy of life insurance was produced by defendant and identified and admitted in evidence as plaintiff's "Exhibit 2." The record before us does not disclose the date the default was entered.

Appellant, in his brief (p. 6), says:

"The defendant also filed a cross complaint (ff. 75 to 90) alleging among other things that in June, 1944, after he was served with said pleadings and process at Klamath Falls, Oregon, that he came to Idaho and made an oral agreement (f. 81) that the defendant was to have and own said insurance policy together with other community property belonging to plaintiff

and defendant and that the plaintiff agreed that she would see that the defendant received said property as orally agreed, and that the plaintiff did not inform Judge C. F. Koelsch of said oral agreement or any of the terms thereof, and contrary to said agreement and understanding between plaintiff and defendant and as a fraud on said Court had said policy decreed to her, and that the Court in said action did decree said policy to plaintiff (f. 131.)"

The appellant then comments quite at length on what is designated "Facts Concerning Cross-Complaint." Respondent demurred to the separate answer on the grounds that it did not state facts sufficient to constitute a separate answer or defense to the allegations contained in plaintiff's complaint, and demurred to the cross-complaint on the grounds that it did not state facts sufficient to constitute a defense or answer to plaintiff's complaint, and on the further ground that defendant is estopped from pleading the matters and things alleged in said cross-complaint for the reason that the matters and things therein contained are res adjudicata and were conclusively determined and settled in the divorce proceeding and by the decree set out and pleaded in defendant's said cross-complaint. On the hearing of said demurrers, written briefs having been submitted, the court made an order that plaintiff's demurrers to the separate answer and to the cross-complaint of defendant, Harold H. Hartenbower, be and the same hereby are sustained.

In the case of C. I. T. Corporation v. Elliott, 66 Idaho 384, 159 P.2d 891, 894, this court said:

"Appellant asserts that there is insufficient proof of corporate existence to warrant or justify the judgment. The record is absolutely devoid of any attempt by respondent to prove corporate existence. That question was an issue in the case. Counsel for respondent, however, contends, with some force, that the corporate existence of respondent was admitted by appellant. The amended cross-complaint, which is verified, alleges: 'That plaintiff is a corporation organized and existing under and by virtue of the laws of the state of Delaware and has fully complied with the Constitution and laws of the state of Idaho and is authorized to do business in this state, and at all the times herein mentioned has been doing business in the state of Idaho.' The trouble with respondent's contention, however, is that a demurrer to said cross-complaint was sustained, and it, therefore, became a superseded pleading. In the case of Anderson et al. v. Hoops et al., 52 Idaho 757, 19 P.2d 908, 909, the question as to the right to use the contents of a superseded pleading was involved, and the court, in disposing of the matter, said:

" 'We think that before the amendment was granted, the second paragraph of the answer was a judicial admission of the material allegations contained in the fourth paragraph of the amended complaint. After amendment, it was a mere ordinary ad-

mission, subject to proof and to explanation as fully and as though it had been made in a letter. If a jury could consider an admission made in a superseded pleading, without being admitted in evidence, then a jury could consider an admission made in a letter, without admitting the letter in evidence. This court has held that when a pleading is amended or withdrawn, the superseded portion disappears from the record as a judicial admission, limiting the issue and putting certain facts beyond dispute, but that, nevertheless, it exists as an utterance once seriously made by the party, and for certain purposes may be admitted in evidence. (Citing authorities.)' "

▮▮▮ The fact that the demurrers to the separate answer and defense and to the cross-complaint were sustained, said pleadings were thereby superseded as such and became mere surplusage, or irrelevant matter having no force or effect, and any reference thereto by the appellant in his briefs or oral argument cannot be considered, inasmuch as the decree of divorce had awarded to respondent the life insurance policy, the title to which was not involved in the instant case. We think the action of the trial court in sustaining the demurrers of respondent was correct for the reason, particularly, that said pleadings constituted a collateral attack against a judgment and decree in which the title to the life insurance policy had been adjudicated.

The instant case is not an action to determine ownership or title to the policy of insurance. The ownership and title thereof was established and determined by the judgment and decree in the divorce proceeding. This action is for the purpose merely of securing the possession of said policy of insurance, or, if the same had been lost, as repeatedly asserted by appellant, to establish that fact by the judgment of the court in the instant case.

Appellant stresses the point that the trial court had no jurisdiction of the life insurance policy and bases such assertion on respondent's allegation, as follows: "Plaintiff is advised and believes and therefore alleges that prior to the institution of said action and at the time thereof said insurance policy was in the possession of said defendant, Harold H. Hartenbower," and because the said policy of insurance was in the possession of appellant, it "was not therefore in the State of Idaho." That part of the statement that because the policy of insurance was in the possession of appellant, it "was therefore not in the State of Idaho," is not so alleged in the complaint, nor is it otherwise so made to appear by respondent, and is a mere conclusion on the part of appellant. The mere fact that the appellant had possession of the policy of insurance does not necessarily imply that it was otherwise than in the State of Idaho at the time the divorce action was instituted. There is nothing in the record to show that it was outside the State of Idaho. Ap-

pellant had an opportunity to clarify this matter but failed and neglected so to do.

Appellant, in his brief (p. 24), after quoting from the case of Hutton v. Dodge, 58 Utah 228, 198 P. 165, 166, says: "We are not in this case questioning the divorce decree so far as the divorce is concerned, but we do contend that the part of the decree which sought to dispose of the insurance policy and decree the same to the plaintiff is a nullity." Appellant justifies said statement, after quoting from the case of Hutton v. Dodge, supra, as follows:

" 'The defendant was absent from the state when service was made. In such case the court did not acquire jurisdiction of the person of the defendant and therefore was powerless to enter judgment in personam, or any judgment whatever, except as to the application for divorce and the disposal of such property as was within the state. This is elementary doctrine and is not controverted by respondent. The trial court, in recognition of the doctrine, did not attempt to exercise jurisdiction except as to the matter of divorce and property within the state.' "

As heretofore observed, there is no proof that the insurance policy was out of the State of Idaho at the time the divorce action was instituted, nor at the time of the rendition of the judgment and decree.

■■ All presumptions are in favor of the regularity and validity of judgments of courts of general jurisdiction (Blandy v. Modern Box Mfg. Co., 40 Idaho 356, 232 P.

1095), and, where the record is silent, regularity of judgment and truth of its recitals are conclusively presumed, in absence of contrary evidence (Baldwin v. Anderson, 52 Idaho 243, 13 P.2d 650). The presumption of the regularity of judgment of a court of general jurisdiction can only be overcome by pleading and proving the facts showing its want of jurisdiction (Ollis v. Orr, 6 Idaho 474, 56 P. 162), and in a collateral attack on a judgment, want of jurisdiction to render the judgment must appear on the face of the judgment-roll. O'Neill v. Potvin, 13 Idaho 721, 93 P. 20.

■ All of appellant's assignments of error question the validity of the judgment and decree in the divorce proceeding, or in sustaining the demurrers to the separate answer and defense and cross-complaint in the instant case, on jurisdictional grounds, and by appellant's attempted defense in the instant case, he endeavors to impeach the judgment and decree in the divorce proceedings in a collateral manner. As is said in Peyton v. Peyton, 28 Wash. 278, 68 P. 757, 764:

" 'The parties to an action cannot impeach or set at naught the judgment in any collateral proceeding on the ground that it was obtained through fraud or collusion. It is their business to see to it that it was not so obtained. If, without any fault or neglect of one party, his adversary succeeds, by fraud, in obtaining an inequitable and unauthorized judgment, he must take some proceeding prescribed by law to

annul the judgment, and cannot, in the absence of such annulment, treat it as invalid. It is only third persons who have the right to collaterally impeach judgments. They are accorded right because, not being parties to the action, nothing determined by it is, as to them, res judicata.' "

In the case of State v. Miller, 52 Idaho 33, 37, 10 P.2d 955, 956, it is said:

"All presumptions are in favor of the judgment of a court of record; and, unless it affirmatively appears from the judgment roll that there was failure in some vital process of requirement, the judgment cannot be questioned."

In the case of Baldwin v. Anderson, 51 Idaho 614, 617, 8 P.2d 461, 462, it is said:

"And where the invalidity of a void judgment does not appear upon the face of the judgment roll, it may be vacated upon motion made within a reasonable time. Armitage v. Horseshoe Bend Co., 35 Idaho 179, 204 P. 1073; Miller v. Prout, 33 Idaho 709, 197 P. 1023, 1025. Such motion is a direct and not a collateral attack on the judgment, 'and any fact going to show the invalidity of the judgment can be presented at the hearing of the motion.' Miller v. Prout, supra, * * *.

"In the instant case, on motion to vacate, the district court had the inherent power to inquire into the validity of its judgment of June 23, 1930. Richardson v. Ruddy, supra [15 Idaho 488, 98 P. 842]. Since said judgment was not void, said court was without jurisdiction to apply the remedy sought;

i. e., vacation of the judgment. Therefore the order vacating the judgment, from which this appeal was taken, was in excess of its jurisdiction, and void."

In the case of Schodde v. United States, 9 Cir., 69 F.2d 866, 871, an Idaho case, it is said:

"A judgment or decree cannot be impeached collaterally on account of an alleged misjoinder or nonjoinder of parties."

In the case of Cain v. C. C. Anderson Co. et al., 65 Idaho 443, 145 P.2d 483, 484, an appeal from a judgment in district court was dismissed, and in which it is said:

"It follows an appeal is not the correct method of attacking a judgment entered in a district court upon a certified copy of an award of the Industrial Accident Board.

"Motion to dismiss appeal granted and appeal dismissed."

See, also, Cain v. C. C. Anderson Co. et al., 67 Idaho, 1, 169 P.2d 505, in which it was held that a motion to vacate a judgment, void in whole or in part, was the proper method of procedure in that it constituted a direct rather than a collateral attack.

There is nothing on the face of the judgment-roll in the divorce proceedings that even remotely indicates invalidity thereof, or a want of jurisdiction. The decree awards to Luella Hartenbower, the plaintiff, among other properties, "All the community interest in and to one certain life

262

insurance policy issued by the Mutual Benefit Life Insurance Company of Salt Lake City, Utah, in the name of Harold H. Hartenbower." No claim is made that said policy of insurance was not the community property of the parties to the action, and there is nothing in the record to indicate it was not in the State of Idaho and within the jurisdiction of the court at the time the action was commenced, or the decree entered.

It is alleged in the answer that if defendant were compelled to surrender the insurance policy, further or other insurance would cost double the amount of the premiums upon said policy. Under the provisions of Section 31-712, I.C.A., if the decree is predicated on the ground of extreme cruelty, as in the divorce action, the community property must be assigned in such proportions as the court deems just.

An examination of the authorities submitted by appellant leads to the conclusion that they are not entirely in point in the instant case, and cannot be accepted as controlling in this jurisdiction.

In the case of C. I. T. Corporation v. Elliott, supra, 159 P.2d at page 898, this court quoted with approval from the case of Wieri v. Anaconda Copper Mining Co., 116 Mont. 524, 156 P.2d 838, 841, as follows:

"On the review of a decision of the District Court the presumption is that the decree of that court is correct (citing numerous authorities), and that its judgment will not be set aside unless there is a clear preponderance of the evidence against it.'"

The only question herein involved is whether or not the trial court had jurisdiction to decree the policy of life insurance, and nothing appearing to the contrary, it follows that such question cannot be determined in a collateral attack upon the judgment in the divorce proceeding. The judgment and decree in the instant case is affirmed. Costs to respondent.

AILSHIE, C. J., and GIVENS and HOLDEN, JJ., concur.

BUDGE, J., did not sit at the hearing or participate in the decision.